IN THE MATTER OF RE: AUSTIN EVERETTE HUNT

No. COA96-1364

(Filed 2 September 1997)

**1. Parent and Child § 97 (NCI4th)— termination of rights— informing respondent of rights—no duty in petitioner**

In an action to terminate respondent putative father's parental rights, petitioner was not estopped from alleging that respondent failed to satisfy the elements of N.C.G.S. § 7A-289.32(6)(a)-(d) even though respondent argued that petitioner had a duty to inform respondent of his rights. There is no authority to support that position and there was sufficient evidence from which the court could conclude that respondent was aware of his legal and moral duty to support his child.

**2. Parent and Child § 108 (NCI4th)— termination of parental rights—putative father—failure to legitimate child**

The trial court's findings that respondent in a parental rights termination had not legitimated his child were supported by the evidence where the record clearly established that respondent failed to establish paternity through judicial process, affidavit, or marriage, and his own testimony establishes that any care he provided was not consistent. The only possible manner in which he could legitimate his child under N.C.G.S. § 7A-289.32(6)(a)-(d) was to show that his support was substantial, but he provided less than $1,000 over a three year period. This was not substantial support sufficient to avoid termination of parental rights.

**3. Parent and Child § 125 (NCI4th)— termination of parental rights—putative father—findings—non-support—finding of means and ability to pay—not required**

The trial court did not err in a termination of parental rights proceeding by finding that defendant did not provide substantial support without also finding that he had the means and ability to do so. N.C.G.S. § 7A-289.32(6)(d) does not require a finding that

**IN RE HUNT**

[127 N.C. App. 370 (1997)]

the putative father had the means and ability to pay child support; however, the court here found that respondent had the means and ability.

Judge WYNN dissenting.

Appeal by respondent from judgment filed 21 December 1995 by Judge Herbert L. Richardson in Robeson County District Court. Heard in the Court of Appeals 18 August 1997.

The natural mother of the minor child filed a petition on 7 September 1995 seeking to terminate respondent Charles Brown's parental rights. Following a hearing held on 13 December 1995, the trial court entered judgment making the following pertinent findings of fact:

3. The Respondent, Charles Brown, who is a citizen and resident of Robeson County, North Carolina . . . is the biological father of the child.

. . . .

5. Prior to the filing of this Petition:

a. Respondent has not established paternity judicially or by Affidavit which is to be filed in a central registry maintained by the Department of Human Resources.

b. Has not legitimated the child pursuant to North Carolina General Statutes § 49-10 or filed a Petition for that particular purpose.

c. Has not legitimated the child by marriage to the mother of the child, the Petitioner herein.

d. Has failed to provide substantial financial support or consistent care with respect to the child although he has had and has the means and abilities in which to do so.

Based upon these findings of fact, the trial court made the following conclusions of law:

a. The [c]ourt would have jurisdiction to make a child custody determination and these proceedings will not have the effect of circumventing the provisions of Chapter 50A of the North Carolina General Statutes.

b. Grounds exist for terminating the parental rights of Respondent with respect to the child, Austin Everette Hunt, namely the grounds set out in North Carolina General Statutes 7A-289.32(6)(a)(b)(c)(d).

c. The best interest of the child requires that the parental rights of the Respondent be terminated.

Based upon these conclusions of law, the trial court ordered the termination of respondent's parental rights. Respondent appeals.

*No brief for petitioner appellee.*

*Chad W. Hammonds for respondent appellant.*

*Robert D. Jacobson, Guardian ad Litem, for the juvenile.*

SMITH, Judge.

Respondent offers three arguments in support of his contention that the trial court erred by terminating his parental rights. For the following reasons, we believe there is no merit to any of respondent's assignments of error.

We note preliminarily that respondent failed to comply with several provisions of the North Carolina Rules of Appellate Procedure in preparing his record on appeal, most notably Rule 28(b)(5). Failure to comply with Rule 28 subjects the appeal to dismissal. *Northwood Homeowners Assn. v. Town of Chapel Hill*, 112 N.C. App. 630, 436 S.E.2d 282 (1993). Because of the serious consequences of a proceeding to terminate parental rights, we nonetheless consider the merits of respondent's arguments. *See In re Pierce*, 67 N.C. App. 257, 312 S.E.2d 900 (1984).

[1] First, respondent argues that petitioner should have been estopped from alleging that respondent failed to satisfy the elements of N.C. Gen. Stat. § 7A-289.32(6)(a)-(d) (1995). He contends petitioner had knowledge of the grounds upon which she could petition the court to terminate respondent's parental rights, and she concealed that knowledge from him. Respondent cites no authority and we find none to support the proposition that petitioner had a duty to inform him of his rights under the law.

The record shows that there was a child support agreement in place between petitioner and respondent. Respondent made three

child support payments totalling $150.00, under this agreement, and provided $800.00 on another occasion. Respondent attempted to legitimate the child through judicial proceedings and, with the assistance of counsel, voluntarily dismissed that action. Respondent and petitioner each testified that they spoke of marriage to one another on several occasions. There was sufficient evidence from which the court could conclude that respondent was aware of his legal and moral duty to support his child.

[2] Next, respondent argues that the trial court's findings of fact were not supported by clear and convincing evidence. Respondent failed to make proper objections to these findings of fact. Ordinarily, this would preclude respondent from raising this issue on appeal, and the only question presented for review would be whether the findings support the conclusions of law. *Pierce*, 67 N.C. App. 257, 312 S.E.2d 900. Again, given the serious consequences, we review the merits of respondent's argument.

N.C. Gen. Stat. § 7A-289.32(6)(a)-(d) provides for the putative father to legitimate his child through any one of four possible ways: (1) establish paternity judicially or by affidavit filed in a central registry maintained by the Department of Human Resources; (2) legitimate the child pursuant to provisions of G.S. 49-10, or file a petition for this specific purpose; (3) legitimate the child by marriage to the mother of the child; or (4) provide substantial financial support or consistent care with respect to the child and mother. Upon a finding that the putative father has not attempted any of the four possible ways to legitimate his child, the trial court may terminate parental rights.

The trial court found that respondent failed to legitimate his child in any of the aforementioned ways. The record clearly establishes that respondent failed to establish paternity through judicial process, affidavit, or marriage. Respondent's testimony establishes that any care he provided his child was not consistent. The only possible manner in which he could legitimate his child under the statute is to show that his support was substantial. Even viewing the evidence in the light most favorable to respondent, he provided his child with less than $1,000.00 over a three year period. This was not "substantial" support sufficient to avoid termination of respondent's paternal rights.

[3] Finally, respondent contends that the trial court should not have found that he did not provide substantial support to the child without

also finding that he had the means and ability to do so. This argument is also without merit.

N.C. Gen. Stat. § 7A-289.32(6)(d) does not require a finding that the putative father had the means and ability to pay child support. The statute only requires a showing that he in fact did not provide substantial support or consistent care to the child or the mother. More importantly, the order entered shows the trial court *did* find that respondent had the means and ability to support his child and did not.

The trial court did not err, and its order is affirmed.

Affirmed.

Judge WYNN dissents.

Judge JOHN concurs.

Judge WYNN dissenting:

While I agree with the majority's conclusion that respondent failed to provide substantial financial support to the child, there is nothing in the record before us to indicate that it was in the *best interest of the child* to terminate respondent's parental rights. *See, In re Nolen*, 117 N.C. App. 693, 700, 453 S.E.2d 220, 225 (1995) (holding that the trial judge is not required to terminate a parent's rights even though grounds for termination are found to exist; if the best interest of the child requires that the parent's rights not be terminated, the court *must* dismiss the petition).

Terminating the father's parental rights carries with it the ancillary action of terminating his responsibility to provide and support his child. In short, this child's right to seek support from his father is also terminated.[1] Yet, no findings of facts were made by the trial court to support the inherent conclusion that it is in the best interest of this child to cut off the father's responsibility to provide support to him. As this court noted in *Bost v. Van Nortwick*, 117 N.C. App. 1, 449 S.E.2d 911 (1994): "[i]n reviewing this case to determine whether the

---

1. Moreover, often the State of North Carolina has an interest as to whether a parent's responsibility to support his or her child should be terminated—most notably in instances where the child receives public assistance from the Department of Social Services.

trial court properly granted petitioner's wish to terminate respondent's parental rights, we must keep in mind that the overriding consideration is the welfare or best interest of the [child], in light of all the circumstances." *Id.* at 7-8, 449 S.E.2d at 915.

Moreover, although in this case the child is represented by a guardian ad litem, there appears to be no evidence to show that the best interest of this child would be to sever all legal connections with his biological father.[2] In fact, there is no evidence to show that anyone else will stand in this father's stead to support the child.[3]

A parental rights termination proceeding which in effect terminates a parent's responsibility to provide support for the child should include findings of facts that support the legal conclusion that it is in the best interest of the child to terminate both the parent's responsibility and the child's rights to support. *But cf., In re Caldwell,* 75 N.C. App. 299, 330 S.E.2d 513 (1985). I would therefore remand this proceeding to district court for findings of fact to support the conclusion that it is in the best interest of the child to terminate his father's responsibility to support him.

---

2. It may be that the remaining parent is willing and financially able to accept the full responsibility of supporting the child, in effect holding harmless the termination of the father's responsibility to support. It is further recognized that in many instances the single parent shoulders this responsibility because the other parent refuses or is unable to support the child. The emphasis here, however, is on the termination of the responsibility to support, not the enforcement of that responsibility.

3. In some instances there may be another person who seeks to adopt the child upon the termination of the biological parent's parental rights. In my opinion, the adoption and termination proceedings should be dependent and contingent; thus covering the gap between the time of the termination and adoption.