IN RE: T.L.B., A MINOR JUVENILE

No. COA03-62

(Filed 7 December 2004)

## 1. Termination of Parental Rights— grounds—failure to establish paternity or support

The trial court's findings support its conclusion that grounds existed for termination of respondent's parental rights under N.C.G.S. § 7B-1111(a)(5) (failure to establish paternity, legitimate the child, or provide support or care). Although respondent claims that he could not take the steps set out in the statute because he did not know of the child's existence prior to receiving a letter asking for child support, the child's future welfare is

IN RE T.L.B.

[167 N.C. App. 298 (2004)]

not dependent on whether the putative father knows of the child's existence when the petition is filed. Moreover, this respondent knew three and a half years before the petition that the mother was pregnant and was claiming that he was the father, but expressed no interest until he was contacted about child support.

## 2. Termination of Paternal Rights— best interests of child— no support or contact with child

The trial court did not abuse its discretion by determining that it was in the best interests of a child to terminate respondent's parental rights where the court stated that there was no evidence that termination would not be in the child's best interests and found that petitioner had never seen the child or paid support, and that neither petitioner nor the child had heard from respondent until petitioner sent a letter requesting child support.

Appeal by respondent from order entered 20 August 2002 by Judge Lynn Gullett in Iredell County District Court. Heard in the Court of Appeals 21 August 2003.

*Beth R. Setzer, for petitioner-appellee.*

*Carlton, Rhodes & Carlton, by Gary C. Rhodes, for respondent-appellant.*

*No brief filed on behalf of Guardian ad Litem.*

GEER, Judge.

Respondent Allen Johnson appeals from an order terminating his parental rights. We hold that the trial court's findings of fact properly support its conclusion that grounds for termination existed under N.C. Gen. Stat. § 7B-1111(a)(5) (2003) (failure to establish paternity or legitimate child born out of wedlock) and that the trial court did not abuse its discretion in terminating respondent's parental rights. We, therefore, affirm.

### Factual Background

Petitioner Joy Lynn Blohm, T.L.B.'s mother, and respondent Johnson engaged in a sexual relationship between June and November 1997. Both were employed by a restaurant in Iredell County where Blohm worked as a waitress and Johnson was a manager. Johnson was then and still is married and the father of two children apart from T.L.B.

IN RE T.L.B.

[167 N.C. App. 298 (2004)]

In late November 1997, Blohm learned she was pregnant and told Johnson of her pregnancy. Blohm testified that the two were together on the day before Thanksgiving when she took a pregnancy test and the result was positive. Johnson, however, testified that he did not believe Blohm was pregnant, but rather thought she was lying about her pregnancy as a ploy to persuade him to leave his wife.

Shortly after Blohm learned she was pregnant, Johnson's superiors at the restaurant met with him to discuss his relationship with Blohm. After that meeting, Johnson turned in his keys to the restaurant and left without speaking to Blohm. On 8 December 1997, Blohm went to the apartment where Johnson and his family lived, knocked on the door, and told Johnson she wanted to speak with him. This was the last time Blohm saw Johnson prior to the termination of parental rights proceedings. Johnson moved out of state, and Blohm testified she did not know where he had gone.

Blohm gave birth to T.L.B. on 26 July 1998. In the spring of 2001, Blohm sought information from the Iredell County Department of Social Services about obtaining child support from Johnson. The department provided her with an address for Johnson's father. On 8 May 2001, Blohm sent a letter to Johnson by way of his father asking Johnson to assist her by paying child support. Johnson responded in a letter dated 17 May 2001. He requested a paternity test, but stated, "If I am indeed his father I will want to do what is right. But you also have to realize, that if I am helping financially support him, I will want joint custody."

Without any further communications, on 18 June 2001, Blohm filed a petition seeking to terminate Johnson's parental rights. Johnson filed an answer on 27 July 2001 together with a motion requesting a paternity test. The paternity test established that Johnson is T.L.B.'s father. The Court assigned a guardian ad litem to represent the child's interests, and a hearing was held in June and July 2002.

On 20 August 2002, the trial court entered an order terminating Johnson's parental rights. The court concluded first that petitioner had met her burden of proving grounds to terminate Johnson's rights, including (1) willful abandonment of the minor child for at least six consecutive months immediately preceding the filing of the petition; and (2) a failure to legitimate or establish paternity of the child prior to the filing of the petition. The court next found that "[t]he minor

**IN RE T.L.B.**

[167 N.C. App. 298 (2004)]

child's home with the Petitioner is a secure, stable, and loving environment, and it is in the child's best interest to remain in this environment." The trial court, therefore, ordered that the parental rights of Johnson be terminated.

## Discussion

A termination of parental rights proceeding involves two separate analytical phases: an adjudicatory stage and a dispositional stage. *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). A different standard of review applies to each step.

At the adjudicatory stage, the petitioner must prove by clear, cogent, and convincing evidence at least one of the statutory grounds for termination listed in N.C. Gen. Stat. § 7B-1111 (2003). *Id.* This Court's task is to review the trial court's findings of fact to determine whether they are supported by "clear, cogent, and convincing evidence" and whether the findings support the trial court's conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *appeal dismissed and disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

If the petitioner meets its burden of proving at least one ground for termination, the trial court proceeds to the dispositional phase and considers whether termination is in the best interests of the child. N.C. Gen. Stat. § 7B-1110(a) (2003); *Blackburn*, 142 N.C. App. at 610, 543 S.E.2d at 908. This Court reviews the trial court's dispositional decision for abuse of discretion. *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002).

Because respondent did not specifically assign error to any of the trial court's findings of fact supporting its order, those findings are deemed to be supported by competent evidence and are conclusive on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."). As a result, the sole question properly before this Court as to the adjudicatory phase is whether the trial court's conclusions of law are supported by its findings of fact.

[1] Although the trial court did not refer to specific statutory grounds, it appears that the trial court terminated respondent's rights based on N.C. Gen. Stat. § 7B-1111(a)(5) (failure to establish paternity, legitimate child, or provide support or care) and § 7B-1111(a)(7)

**IN RE T.L.B.**

[167 N.C. App. 298 (2004)]

(willful abandonment). On appeal, if this Court determines that there is at least one ground to support a conclusion that parental rights should be terminated, it is unnecessary to address the remaining grounds. *In re Clark*, 159 N.C. App. 75, 84, 582 S.E.2d 657, 663 (2003).

Under N.C. Gen. Stat. § 7B-1111(a)(5), the court may terminate parental rights upon a finding that:

> The father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights:
>
> a. Established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Health and Human Services; provided, the court shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and shall incorporate into the case record the Department's certified reply; or
>
> b. Legitimated the juvenile pursuant to provisions of G.S. 49-10 or filed a petition for this specific purpose; or
>
> c. Legitimated the juvenile by marriage to the mother of the juvenile; or
>
> d. Provided substantial financial support or consistent care with respect to the juvenile and mother.

The trial court's findings establish—and respondent does not dispute—that respondent failed to take any of these steps prior to the filing of the petition. In addition to the lack of any effort to establish paternity through judicial process, affidavit, or marriage, respondent paid no child support and gave no care to the child and Blohm. "Upon a finding that the putative father has not attempted any of the four possible ways to legitimate his child, the trial court may terminate parental rights." *In re Hunt*, 127 N.C. App. 370, 373, 489 S.E.2d 428, 430 (1997).

Respondent claims, however, that he was unable to take the steps set out in N.C. Gen. Stat. § 7B-1111(a)(5) because he did not know of T.L.B.'s existence prior to receiving the letter of 8 May 2001. This argument has already been rejected by this Court in *In re Clark*, 95 N.C. App. 1, 381 S.E.2d 835 (1989), *rev'd on other grounds*, 327 N.C. 61, 393 S.E.2d 791 (1990). This Court in *Clark* construed N.C. Gen. Stat. § 7A-289.32(6), the identically worded predecessor statute to § 7B-1111(a)(5), and N.C. Gen. Stat. § 48-6(a)(3), an adoption statute

also identically worded. The Court held: "Section 48-6(a)(3) reflects the same legislative choices evident in the termination of a putative father's rights under Section 7A-289.32(6): under neither statute is the illegitimate child's future welfare dependent on whether or not the putative father knows of the child's existence at the time the petition is filed." *Clark*, 95 N.C. App. at 8, 381 S.E.2d at 839. The Court reasoned that "[w]hile the Legislature could have reasonably set the bar date at another point in time, it is certainly not unreasonable to charge putative fathers with the responsibility to discover the birth of their illegitimate children." *Id.* at 9, 381 S.E.2d at 840.

We point out that the putative father in *Clark* was never informed that the mother was pregnant and did not learn that she had given birth until after an adoption order had been entered. By contrast, respondent in this case had been informed three and a half years before the petition was filed that Blohm was pregnant and that she claimed he was the father. Until Blohm contacted him about child support, respondent expressed no interest in discovering whether Blohm had given birth, in determining whether the child was his, or in taking responsibility for the child. *See In re Baby Boy Dixon*, 112 N.C. App. 248, 251, 435 S.E.2d 352, 354 (1993) ("In this case, the father, having the responsibility to 'discover the birth of [his] . . . illegitimate [child],' failed, although he had ample opportunity to do so, to take any of the statutory steps to demonstrate his commitment to the child." (quoting *Clark*, 95 N.C. App. at 9, 381 S.E.2d at 840)).

Since the trial court's findings support its conclusion that grounds existed for termination of respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(5), we need not address the trial court's conclusion regarding N.C. Gen. Stat. § 7B-1111(a)(7). We accordingly affirm the trial court's decision in the adjudicatory phase.

[2] Respondent next contends that the trial court abused its discretion at the dispositional phase in determining it was in the best interests of the child to terminate respondent's parental rights. The termination of parental rights statute provides:

> Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated.

N.C. Gen. Stat. § 7B-1110(a). Although the statute is couched in mandatory language, our appellate courts have construed the language of the statute to vest discretion in the trial court to decide to terminate parental rights when in the best interests of the child. *Blackburn*, 142 N.C. App. at 613, 543 S.E.2d at 910. In making this decision, "[e]vidence heard or introduced throughout the adjudicatory stage, as well as any additional evidence, may be considered by the court during the dispositional stage." *Id.*

In arguing that the trial court abused its discretion in terminating his parental rights, respondent relies exclusively on *Bost v. Van Nortwick*, 117 N.C. App. 1, 8, 449 S.E.2d 911, 915 (1994), *appeal dismissed*, 340 N.C. 109, 458 S.E.2d 183 (1995), in which then Judge Orr concluded, based on a review of the evidence, that the trial court abused its discretion in terminating the father's parental rights. In particular, respondent relies on the portion of the opinion stating that a finding that one parent could provide "a more stable environment and better financial situation" than another does not support termination of the latter parent's rights in the absence of any other findings. *Id.* at 8-9, 449 S.E.2d at 915. We first note that it is not clear that a majority of the Court agreed with this portion of the *Bost* decision. Judge Wynn wrote a separate concurring opinion based only on the trial court's error in concluding that the plaintiff had established the existence of grounds for termination. He did not reach the question whether the reasons given by the trial court at the dispositional phase were sufficient. The third member of the panel, Judge Johnson, dissented. In addition, since Judge Orr and Judge Wynn both agreed that the evidence failed to establish grounds for termination in the first instance, the discussion relied upon by respondent in this case is *dicta*.

Nevertheless, *Bost* was based on a review of the entire evidence, with the opinion concluding that the evidence demonstrated that the trial court had abused its discretion. Here, the trial court stated that it had "heard no evidence which would determine that termination would not be in the child's best interests." In addition, the court found that neither the petitioner nor the child had ever heard from respondent until petitioner sent a letter requesting child support at which point respondent requested a paternity test. The trial court further found that "prior to the filing of the petition, the Respondent had never seen the child, had never paid any child support, and had not taken steps to legitimate the child. To this day, he has never paid any child support nor has he even seen the child." Our review of the

record reveals that these findings are supported by the evidence. In light of these findings, we cannot conclude that the trial court abused its discretion in terminating respondent's parental rights.

Affirmed.

Judges McGEE and BRYANT concur.