IN THE MATTER OF: K.F.S., A Minor Child.
No. COA05-518
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Wayne County No. 04 J 33.
E.B. Borden Parker for petitioner-appellee.
Lisa Skinner Lefler for respondent-appellant.
MARTIN, Chief Judge.
Respondent K.S., reputed father of the minor child K.F.S., appeals from order of the district court terminating his parental rights. We affirm.
The record before this Court shows that K.G.K., while unmarried, gave birth to K.F.S. on 2 July 2002. The child was removed from the mother's custody pursuant to an adjudication of neglect and dependency on or about 26 June 2003. The court placed K.F.S. with custodian S.B.
In January of 2004, the Wayne County Department of Social Services (DSS) filed a petition to terminate the parental rights of reputed father K.S. or any other unknown father of the minor child K.F.S., alleging the following as grounds for termination:
[T]hat the father of the child born out of wedlock has not prior to the filing of this petition . . . established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Human Resources or legitimated the child pursuant to the provisions of North Carolina General Statutes [§] 49-10, or filed a petition for this specific purpose; or legitimated the child by marriage to the mother of the child; or provided substantial financial support or consistent care with respect to the child and the mother.
N.C. Gen. Stat. § 7B-1111(a)(5) (2004). The petition further sought termination of K.G.K.'s parental rights on grounds that she had neglected the child.
Through his appointed counsel, respondent filed an answer and motion to dismiss the petition on 12 October 2004, arguing that he had been incarcerated for the entirety of K.F.S.'s life and thus was not responsible for any neglect of the child. The district court denied the motion to dismiss and heard evidence on the petition on 14 October 2004. Respondent was present with appointed counsel and testified in opposition to the petition. After hearing the parties' evidence, the court entered the findings of facts by clear, cogent and convincing evidence:
9. That the reputed father of the juvenile is K.S.
10. That K.S., the reputed father of the child born out of wedlock has not prior to the filing of the petition to terminate his parental rights established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Human Resources or legitimated the child pursuant to the North Carolina General Statutes [§] 49-10, or filed a petition for this specific purpose; or legitimated the child by marriage to the mother of the child.
11. That the reputed father of the juvenile contends that he has provided substantial financial support or consistent care with respect to the child and the mother.
12. That K.S., the reputed father, has been incarcerated since before the birth of the juvenile.
13. That the reputed father wrote one letter to the social worker.
. . .
15. That the reputed father of the juvenile is incarcerated because of his conviction of attempting to sell cocaine.
16. That prior to the reputed father being incarcerated he was living with the mother of the juvenile, but was locked up in February, 2002.
17. That the reputed father has not taken a paternity test nor has he signed an Affidavit of Paternity.
. . .
20. That the reputed father saw the juvenile for approximately 30 minutes at his grandmother's funeral.
21. That the reputed father was made a party to the underlying file and had legal representation in the underlying case.
22. That the reputed father maintains that he wrote a couple of letters to the social worker.
. . .
28. That C.B., aunt of the reputed father, offered to look after the juvenile.
29. That C.B. was not approved by the Wayne County Department of Social Services . . . .
30. That C.B. stated that she had provided some items for the juvenile and that the reputed paternal grandmother had provided some items for the juvenile.
. . .
32. That the reputed father of the juvenile has never sent any money to C.B. to buy anything for the child.
33. That B.J.S. is the mother of the reputed father.
34. That B.J.S. took clothing and other items to S.B. for the juvenile.
. . .
37. That B.J.S. gives S.B. pull-ups on occasion, and the pull-ups are purchased with her funds and not any funds sent to her by her son, K.S., the reputed father.
. . .
68. That the reputed father has not provided substantial support or consistent care with respect to the child or to the mother.
Based upon its findings, the court concluded that grounds for termination existed under N.C. Gen. Stat. § 7B-1111(a)(5), and that termination of respondent's parental rights served the best interests of the minor child.
On appeal, respondent claims that the court's finding of grounds for termination under N.C. Gen. Stat. § 7B-1111(a)(5) was not supported by the evidence. He notes that he had no role in the mother's neglect of the child, having been incarcerated throughout the child's life. He contends that his failure to legitimate the child was not willful, inasmuch as he lacked counsel to assist him in a legitimation proceeding and was not informed about the legitimation process by the DSS social worker or his prison case manager. Respondent further avers that his "efforts to be involved in his son's life were thwarted at every turn" by DSS, and that neither DSS nor the trial court took into account his testimony that he was taking classes to prepare himself for his release from confinement. He faults the court for placing the child with someone outside of his family. In a separate assignment of error, respondent also challenges the determination that he failed to provide substantial financial assistance to the child or his mother under N.C. Gen. Stat. § 7B-1111(a)(5) because the court made no finding, nor was there evidence, that he was able to provide such financial support but willfully failed to do so.
Respondent's parental rights were terminated pursuant to N.C. Gen. Stat § 7B-1111(a)(5), which allows parental rights to be terminated if the court finds:
(5) The father of a juvenile born out of wedlock has not, prior to the filing of a petition or motion to terminate parental rights:
a. Established paternity judicially or by affidavit which has been filed in a central registry maintained by the Department of Health and Human Services; provided, the court shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and shall incorporate into the case record the Department's certified reply; or
b. Legitimated the juvenile pursuant to provisions of G.S. 49-10 or filed a petition for this specific purpose; or
c. Legitimated the juvenile by marriage to the mother of the juvenile; or
d. Provided substantial financial support or consistent care with respect to the juvenile and mother.
To support the termination of a putative father's parental rights under this provision, a petitioner must prove by clear, cogent, and convincing evidence that the respondent has failed to take any of the four actions listed in N.C. Gen. Stat. § 7B-71111(a)(5)(a)-(d). In re I.S., ___ N.C. App. ___, ___, 611 S.E.2d 467, 473 (2005). Moreover, the district court must enter specific findings of fact concerning each of these actions. Id.
We conclude that the district court made the requisite specific findings as to each of the four factors enumerated in N.C. Gen. Stat. § 7B-1111(a)(5). The court expressly found, and respondent does not contest, that he has not "established paternity judicially or by affidavit . . . filed in a central registry maintained by the Department of Human Resources or legitimated the child pursuant to the North Carolina General Statutes [§] 49-10, or filed a petition for this specific purpose; or legitimated the child by marriage to the mother of the child." See N.C. Gen. Stat. § 7B-1111(a)(5)(a)-(c). We note that the record on appeal includes an affidavit from the N.C. Department of Health & Human Services affirming that no affidavit acknowledging paternity of K.F.S. has been filed. See N.C. Gen. Stat. § 7B-1111(a)(5)(a). Regarding the fourth requirement of N.C. Gen. Stat. § 7B-1111(a)(5)(d), the court found that respondent lived with the mother prior to the child's birth but had been incarcerated since February, 2002; that he had not provided any money to his aunt and mother to buy items for the child; that he had sent one letter to a DSS social worker regarding the child and claimed to have sent "a couple of letters" to the social worker; and that he had seen the child for thirty minutes on one occasion while attending his grandmother's funeral. Such particularized findings are sufficient to support the court's ultimate finding that respondent "has not provided substantial support or consistent care with respect to the child or to the mother."
We further conclude that the court's findings support its decision to terminate respondent's rights under N.C. Gen. Stat. § 7B-111(a)(5). "Upon a finding that the putative father has not attempted any of the four possible ways to legitimate his child, the trial court may terminate parental rights." In re Hunt, 127 N.C. App. 370, 373, 489 S.E.2d 428, 430 (1997).
Although respondent challenges the court's findings under N.C. Gen. Stat. § 7B-1111(a)(5)(a)-(c) on the ground that he was not assisted in the legitimation process by DSS or provided counsel for this purpose, nothing in N.C. Gen. Stat. § 7B-1111(a)(5) requires DSS to prove that a putative father's failure to legitimate the child was willful, to shepherd a putative father through the legitimation process, or even to inform a putative father of his child's existence. Cf. In re Adoption of Clark, 95 N.C. App. 1, 9, 381 S.E.2d 835, 840 (1989) (interpreting former N.C. Gen. Stat. § 7A-289.32(6) not to "provide for any notice to the putative father of a petitioner's intent to file a petition to . . . terminate his parental rights"), rev'd on other grounds, 327 N.C. 61, 393 S.E.2d791 (1990); In re T.L.B., 167 N.C. App. 298, 301, 605 S.E.2d 249, 252 (2004) (rejecting father's claim that he was unable to take the steps set out in N.C. Gen. Stat. § 7B-1111(a)(5) because he lacked notice of the child). To the extent respondent claims he lacked the financial means to legitimate the child, we find his testimony that he made repeated telephone calls to his relatives and mailed multiple cards and letters to his mother and to DSS during his incarceration to be sufficient to demonstrate his ability to file an affidavit of paternity with the Department of Health and Human Resources. See I.S., ___ N.C. App. at ___, 611 S.E.2d at 473.
Equally unavailing is respondent's claim that the evidence failed to show that he had the ability to "[p]rovide[] substantial financial support or consistent care with respect to the juvenile and mother" under N.C. Gen. Stat. § 7B-1111(a)(5)(d) but willfully failed to do so. Although a parent's ability to provide support must be established where rights are terminated for "willfully fail[ing] without justification to pay for the care, support, and education" of a child under N.C. Gen. Stat. § 7B-1111(a)(4) (emphasis added), no such showing of willfulness is required to support termination under N.C. Gen. Stat. § 7B-1111(a)(5)(d), where the putative father has failed to take other steps to legitimate the child. In re J.D.S., ___ N.C. App. ___, ___, 612 S.E.2d 350, 359 (2005), cert. denied, (Nov. 3, 2005)(No. 511P05). "Rather, . . . the statute only requires a showing that he in fact did not provide substantial support or consistent care to the child or the mother." Id. (internal citation omitted). Inasmuch as the trial court's findings of fact are sufficient to demonstrate respondent's failure to provide support or care for the child, his second assignment of error is overruled.
The record on appeal contains additional assignments of error not addressed by respondent in his appellant's brief. By rule, we deem them abandoned. N.C.R. App. P. 28(b)(6).
Affirmed.
Judges BRYANT and GEER concur.
Report per Rule 30(e).