An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1241
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IN THE MATTER OF:

S.M.                                    Wake County
                                        No. 12 JT 45

Appeal by respondent father from order entered 28 June 2013 by Judge Margaret P. Eagles in Wake County District Court. Heard in the Court of Appeals 7 April 2014.

>   *Roger A. Askew for petitioner-appellee Wake County Human Services.*
>
>   *Windy H. Rose for respondent-appellant father.*
>
>   *Robinson, Bradshaw & Hinson, P.A., by Ty E. Shaffer, for guardian ad litem.*

McCULLOUGH, Judge.

Respondent father appeals from the trial court's order terminating his parental rights to the juvenile S.M. Respondent contends the trial court erred by concluding two grounds existed to terminate his parental rights because he was never given the opportunity to establish paternity or to provide support for the juvenile. We affirm.

I.   Background

The juvenile was born in November of 2011. On 10 February 2012, Wake County Human Services ("WCHS") received a report alleging that the juvenile's mother had endangered the juvenile and then threatened to harm herself. The same day, WCHS filed a petition alleging that the juvenile was neglected and dependent and took the juvenile into non-secure custody. The petition identified four putative fathers.

On 17 April 2012, the trial court entered an adjudication and disposition order, in which it found that paternity still had not been established, and adjudicated the juvenile neglected and dependent. As of a review hearing held 6 and 8 November 2012, WCHS still had not identified the juvenile's father, and sought to have putative father "A.O." submit to genetic testing. At that point, the trial court relieved WCHS of further efforts toward reunification and changed the permanent plan to adoption.

In November of 2012, the mother contacted respondent through a social networking website and informed him that genetic testing had determined that A.O. was not the juvenile's father. Respondent, who was attending high school in Maryland at the time, agreed to come back to North Carolina to take a paternity test, which determined that he was the juvenile's father. After WCHS received the paternity test results,

respondent and his mother met with a social worker on 18 January 2013 and he entered into an out-of-home services agreement.

On 31 January 2013, WCHS filed a petition to terminate respondent's parental rights. As grounds for termination, WCHS alleged: (1) respondent had failed to legitimate the juvenile or establish paternity (N.C. Gen. Stat. § 7B-1111(a)(5) (2013)); (2) respondent had neglected the juvenile (N.C. Gen. Stat. § 7B-1111(a)(1)); (3) respondent had left the juvenile in foster care for more than twelve months without making reasonable progress toward correcting the conditions that led to her removal from the home (N.C. Gen. Stat. § 7B-1111(a)(2)); (4) the juvenile was in WCHS custody, and respondent had failed to provide support for a continuous period of six months prior to the filing of the petition (N.C. Gen. Stat. § 7B-1111(a)(3)); and (5) respondent had willfully abandoned the juvenile (N.C. Gen. Stat. § 7B-1111(a)(7)).

The mother relinquished her parental rights on 2 May 2013. The adjudication phase of respondent's termination hearing took place on 14 May 2013. After hearing the testimony of a social worker, respondent, and respondent's mother, the trial court concluded grounds existed to terminate respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(3) and (5). The

disposition hearing took place on 14 June 2013, and the trial court concluded it was in the juvenile's best interest to terminate respondent's parental rights. The trial court entered its termination order on 28 June 2013. Respondent gave notice of appeal.

## II. Discussion

In his two arguments on appeal, respondent contends the trial court erred by concluding that grounds existed to terminate his parental rights. Respondent's arguments are both dependent on his assertion that he did not have sufficient time to act, following his notification that he was the juvenile's father, to protect his parental rights. Respondent's argument is misplaced, in that his responsibility to establish paternity did not begin when he received the results of the paternity test. Thus, we disagree.

At the adjudicatory stage of a termination of parental rights hearing, the burden is on the petitioner to prove by clear, cogent, and convincing evidence that at least one ground for termination exists. N.C. Gen. Stat. § 7B-1109(f) (2013); *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to

support the findings of fact and whether the findings of fact support the conclusions of law. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *appeal dismissed*, *disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

"When the trial court is the trier of fact, the court is empowered to assign weight to the evidence presented at the trial as it deems appropriate." *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 397 (1996). "'[F]indings of fact made by the trial court . . . are conclusive on appeal if there is evidence to support them.'" *In re H.S.F.*, 182 N.C. App. 739, 742, 645 S.E.2d 383, 384 (2007) (citation omitted). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

Although the trial court concluded two grounds existed to terminate respondent's parental rights, we find it dispositive that the evidence supports termination of his parental rights to the juvenile pursuant to N.C. Gen. Stat. § 7B-1111(a)(5), based on his failure to establish paternity or legitimate the juvenile. *See In re Humphrey*, 156 N.C. App. 533, 540, 577

S.E.2d 421, 426 (2003) (a finding of one statutory ground is sufficient to support the termination of parental rights).

A trial court may conclude grounds exist to terminate a father's parental rights to a child born out of wedlock if it finds:

> [He] has not, prior to the filing of a petition or motion to terminate parental rights, done any of the following:
>
> a. Filed an affidavit of paternity in a central registry maintained by the Department of Health and Human Services; provided, the petitioner or movant shall inquire of the Department of Health and Human Services as to whether such an affidavit has been so filed and the Department's certified reply shall be submitted to and considered by the court.
>
> b. Legitimated the juvenile pursuant to provisions of G.S. 49-10, G.S. 49-12.1, or filed a petition for this specific purpose.
>
> c. Legitimated the juvenile by marriage to the mother of the juvenile.
>
> d. Provided substantial financial support or consistent care with respect to the juvenile and mother.
>
> e. Established paternity through G.S. 49-14, 110-132, 130A-101, 130A-118, or other judicial proceeding.

N.C. Gen. Stat. § 7B-1111(a)(5).

"Although a father may have 'acted consistently with acknowledging his paternity,' strict compliance with the foregoing . . . requirements is required in order for a father to prevent termination of his parental rights." *In re S.C.R.*, 198 N.C. App. 525, 533, 679 S.E.2d 905, 910 (quoting *A Child's Hope, LLC v. Doe*, 178 N.C. App. 96, 105, 630 S.E.2d 673, 678 (2006)), *appeal dismissed*, 363 N.C. 654, 686 S.E.2d 676 (2009). Thus, this Court has previously held "'the illegitimate child's future welfare [is not] dependent on whether or not the putative father knows of the child's existence at the time the petition is filed.'" *In re T.L.B.*, 167 N.C. App. 298, 303, 605 S.E.2d 249, 252 (2004) (citation omitted). Further, even where the mother has misled the respondent father about the status of the child, the father is responsible for taking the steps required by N.C. Gen. Stat. § 7B-1111(a)(5) by the time the petition is filed. *In re M.A.I.B.K.*, 184 N.C. App. 218, 223, 645 S.E.2d 881, 885 (2007) (citing *A Child's Hope*, 178 N.C. App. at 105, 630 S.E.2d at 678).

In this case, the trial court made the following finding of fact addressed to respondent's efforts toward satisfying N.C. Gen. Stat. § 7B-1111(a)(5):

> 22. That the father has not filed an affidavit with the North Carolina

> Department of Health and Human Services with regard to establishing paternity. The father has not filed a petition to legitimate the child. The father has not taken steps to establish paternity judicially. The father has not married the mother. The father did not provide financial support or care of any kind with respect to the child or the mother.

Respondent does not challenge the evidentiary support for the trial court's finding, does not assert that he took the steps required by the statute, and does not contend that the finding fails to address the requirements set out in the statute. Rather, respondent asserts that terminating his parental rights based on this ground, when the petition was filed only weeks after he learned the results of the paternity test, was unfair. Respondent recognizes, however, that the bright-line rule applied by our appellate courts in situations such as this, where a father claims he was unaware of paternity, contradicts his position. Further, we note that respondent was aware of the mother's pregnancy long before the petition was filed, but still took none of the steps required by N.C. Gen. Stat. § 7B-1111(a)(5). Accordingly, we affirm the trial court's order terminating respondent's parental rights.

Affirmed.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).