IN THE MATTER OF THE STEWART CHILDREN: TAMMY DENISE STEW-
ART, ROBERT JUNIOR STEWART AND RICCO DONNEL STEWART

No. 8526DC1085

(Filed 2 September 1986)

1. **Parent and Child § 1.6— termination of parental rights—prior finding of ne-
glect—properly considered**

In a proceeding for termination of parental rights based on neglect, the
trial court properly considered a prior order finding neglect but dismissing
the termination petition because the court found that termination was not in
the best interest of the children at that time. It was proper for the court to ad-
mit into evidence the order finding neglect as evidence that the children were
neglected at that time, and the dismissal was not *res judicata* on the issue of
neglect because it was not dismissed for lack of neglect.

2. **Parent and Child § 1.6— termination of parental rights—neglect—evidence suf-
ficient**

The evidence of neglect was sufficient to support an order terminating
parental rights where a prior order showed that respondent had been unable
to adequately care for or supervise the children in January 1983, the evidence
showed that at the time of the hearing respondent was still unable to care for
or control her children because of her mental infirmity and young age, and the
prognosis for her to develop the ability to adequately parent the children was
very poor. N.C.G.S. § 7A-517(21).

APPEAL by Diane Stewart (now Reid), from *Harris, Judge.*
Judgments announced 13 May 1985 and Orders entered 14 June
1985 in District Court, MECKLENBURG County. Heard in the Court
of Appeals 12 March 1986.

*Ruff, Bond, Cobb, Wade & McNair by Robert S. Adden, Jr.,
and William H. McNair for petitioner appellee, Mecklenburg
County Department of Social Services.*

*Richard A. Lucey for respondent appellant, Diane Stewart
Reid.*

*Gillespie & Lesesne by Donald S. Gillespie, Jr., Guardian Ad
Litem for the children, appellees.*

In re Stewart Children

COZORT, Judge.

This appeal arises from three orders of the District Court, Mecklenburg County, terminating the parental rights of the respondent, Diane Stewart Reid, on the grounds that she had neglected her children; that she left her children in foster care for more than 18 consecutive months without showing a positive response toward remedying the condition which led to their removal; and that she failed to pay a reasonable portion of support for the children for a continuous period of six months after they had been placed in the custody of the county Department of Social Services (DSS), G.S. 7A-289.32(2), (3) and (4). The parental rights of the biological fathers of the children were also terminated; however, neither father has appealed. The respondent contends, *inter alia*, that the trial court erred by allowing into evidence a prior order in a previous termination proceeding involving the same children which determined that the children were neglected but also found that it was not in the best interests of the children to terminate the mother's parental rights at that time. We affirm the decision of the district court.

In 1982, the eldest of the three Stewart children, Tammy Denise Stewart, was placed in legal and physical custody of the county Department of Social Services. Although legal custody was retained by DSS, the physical custody of Tammy was returned to her mother on 8 November 1982. On 1 February 1983, the district court reviewed Tammy's case and reviewed petitions filed by DSS for custody of Tammy's brothers, Robert and Ricco. The court determined that the children were neglected pursuant to G.S. 7A-517(21), and all three were removed from respondent's home.

On 17 June 1983 three separate termination petitions were filed seeking to terminate the parental rights of the biological parents of all three children. On 21 December 1983 the district court entered an order finding that the children were neglected and that grounds for termination existed; however, the court also found that it was not in the best interests of the children to terminate parental rights at that time. Accordingly, pursuant to G.S. 7A-289.31(b) the termination petitions were dismissed.

DSS retained custody of the Stewart children and placed them in Arosa House, a "half-way" house designed to provide

supervision and counseling for children while allowing their parents to visit. The primary goal of Arosa House is to reunite the children with their parents.

The Stewart children lived in Arosa House for 11 months. During their stay, their mother was married to Dennis Reid. The children's mother and Mr. Reid visited them at Arosa House. The respondent's visits were regular for the most part. The counsellors at the Arosa House testified that although the respondent loved her children, she was unable to provide the proper discipline and care the children needed. In January 1985, all three children were placed in foster care.

A second petition to terminate the parental rights of the respondent was filed on 22 March 1985. The matter was heard on 7 May 1985 and 13 May 1985. On 14 June 1985 three written orders were entered terminating the parental rights of the respondent mother with respect to all three children. It is from these orders that respondent appeals.

[1]  The respondent assigns error to the trial court's allowing the introduction of the 21 December 1983 order and the trial court's findings of fact which were based on that order. In addition the respondent contends that the 21 December 1983 order dismissing the termination petition was *res judicata* to all issues raised in that petition. We disagree.

The North Carolina Supreme Court has held that a prior order which adjudicates a parent of neglect may be admitted and considered by the trial court in a subsequent proceeding to terminate parental rights on the grounds of neglect. *In re Ballard*, 311 N.C. 708, 319 S.E. 2d 227 (1984); *In re Moore*, 306 N.C. 394, 293 S.E. 2d 127 (1982), *appeal dismissed*, 459 U.S. 1139, 74 L.Ed. 2d 987, 103 S.Ct. 776 (1983). In *Ballard*, the court found that the prior adjudication of neglect was not determinative on the issue of neglect existing at the time of the termination hearing. In determining whether there is neglect which authorizes the termination of parental rights, the trial court is allowed to consider a previous adjudication of neglect. It must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect. *Id.* at 715, 319 S.E. 2d at 232; *In re Byrd*, 72 N.C. App. 277, 280, 324 S.E. 2d 273, 276 (1985). "[A]ll previous orders in [a] case [are] binding on

[the court] as to what those orders found to exist when they [are] entered." *In re Wilkerson*, 57 N.C. App. 63, 69, 291 S.E. 2d 182, 186 (1982). The trial court's order must reflect that the termination of parental rights for neglect was based on an independent determination of existing neglect or a determination that conditions exist which will in all probability precipitate a repetition of neglect. *Ballard, supra.*

Neither *Ballard* nor *Moore* addressed the specific factual situation presented by this appeal. In those cases the order admitted at the termination proceeding concerned the court's findings of neglect in relation to the DSS's taking custody of the children. In this case we have a previous order, in a termination proceeding, which found that neglect existed which authorized termination, but which also found that termination at that time was not in the best interest of the children. Although factually distinguishable, the rationale for the rule in *Ballard* applies with equal force to this case. It was proper for the district court to admit into evidence the order finding neglect in December of 1983 as evidence that the children were neglected at that time. The court then received evidence on whether the children were still being neglected, at the time of the hearing, in May of 1985.

We also find no merit to respondent's contention that the dismissal of the termination petition in December of 1983 was *res judicata* on the issue of neglect in 1985. The 1983 order dismissed the termination petition in order to give the respondent another chance with her children. It was not dismissed because there was no neglect. To the contrary, the court found neglect; however, it also found it was in the best interest of the children to give the mother another opportunity to parent her children and dismissed the petition for that reason. In order to find that dismissal *res judicata* on the issue of neglect, as respondent urges, we would have to give the district court's order a meaning never intended, *i.e.*, that there was no neglect. We decline to give the order such an interpretation. Thus, we hold that a previous order entered in a termination proceeding is admissible in a subsequent termination proceeding to show neglect as it existed at the time of the entry of the previous order.

[2] The respondent also challenges the sufficiency of the evidence to support the termination order. We find the evidence

sufficient to support the order terminating parental rights on the ground of neglect. The trial court's order terminating the respondent's parental rights for neglect was based on both the prior order and on additional evidence adduced at the termination hearing. A child is neglected if he "does not receive proper care, supervision, or discipline from his parent . . . or . . . lives in an environment injurious to his welfare." G.S. 7A-517(21). The findings based on the prior order indicated that the respondent was unable to adequately care for or supervise the children in that the children were not adequately clothed, fed, or bathed. The court found in all three termination orders "[t]hat the respondent Diane Stewart Reid does not have the ability to parent [these children], nor to provide proper care, supervision and discipline for these children *at this time*; and that the prognosis for her to develop the ability to adequately parent these children is very poor." (Emphasis added.) The evidence showed that the respondent's inability to adequately parent her children is due in most part to her mental infirmity and her young age. In January 1983, the respondent was unable to care for and discipline her children as evidenced by the previous order's findings of neglect. The evidence presented at the termination hearing in the present proceeding indicated that in May of 1985, the respondent was still unable to care for or control her children. It is clear that the order terminating the parental rights was based upon the best interests of the children and the fitness of the respondent to care for them at the time of the hearing, in light of all evidence of neglect and the probability of its repetition. We affirm the termination of the respondent's parental rights on grounds of neglect.

A valid finding on one statutorily enumerated ground is sufficient to support an order terminating parental rights. *In re Pierce*, 67 N.C. App. 257, 312 S.E. 2d 900 (1984). Having determined that termination of the respondent's parental rights on grounds of neglect was supported by the trial court's findings, we need not address the respondent's assignments of error challenging the sufficiency of the evidence to terminate, based on other statutory grounds.

Affirmed.

Judges BECTON and PHILLIPS concur.