[170 N.C. App. 244 (2005)]

IN RE: J.D.S., A Minor Child

No. COA04-213

(Filed 17 May 2005)

**1. Appeal and Error; Jurisdiction— subject matter jurisdiction—raised ex mero motu**

Subject matter jurisdiction may be raised at any time by the parties or by the court ex mero motu, and may be reviewed on appeal even if not raised below.

**2. Termination of Parental Rights— subject matter jurisdiction—statement that petition not filed to circumvent statute**

There was no prejudice from a termination of parental rights petition which omitted the statutorily required statement that the petition had not been filed to circumvent the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act. N.C.G.S. § 7B-1104(7).

**3. Termination of Parental Rights— subject matter jurisdiction—statement of child's address and location**

The trial court had subject matter jurisdiction over a termination of parental rights proceeding even though petitioner did not file an affidavit stating the child's address and location as required by N.C.G.S. § 50A-209.

**4. Appeal and Error— preservation of issues—assignments of error—sufficiency of evidence to support findings**

Respondent's assignments of error were not sufficient to preserve for appellate review the issue of whether the evidence supported the findings in a termination of parental rights proceeding. The legal basis of an assignment of error should not be confused with record or transcript references; moreover, assigning error to a conclusion of law on the generalized basis of insufficient evidence does not preserve the issue of sufficiency of the evidence supporting the findings.

**5. Termination of Parental Rights— order—statement of standard of review**

There would have been no reason to review the question of whether the clear, cogent and convincing standard of proof was adequately stated in a termination of parental rights order, even if

**IN RE J.D.S.**

[170 N.C. App. 244 (2005)]

respondent had sought appellate review of the issue, because the evidence supports the trial court's findings, the court stated on the record that its findings were based on clear and convincing evidence, and the findings supported the conclusion that respondent had willfully failed to pay for the care, support, and education of the child for one year as required by decree.

**6. Termination of Parental Rights— failure to provide support—findings—ability to pay**

While a finding regarding ability to pay is required by *In re Ballard*, 311 N.C. 708, that case concerned N.C.G.S. § 7B-1111(a)(3) and is not authority for the assertion that the trial court erred by not making that finding for termination under N.C.G.S. § 1111(a)(4) or (5)d.

**7. Termination of Parental Rights— failure to provide support—findings—no justification for not paying**

There was no error in a termination of parental rights order concerning the finding that respondent's failure to pay was without justification. The court in fact concluded that respondent's failure to pay was without justification; moreover, it has been held that termination with respect to a failure to pay support pursuant to a decree does not require a finding of ability to pay.

**8. Termination of Parental Rights— lack of support—ability to pay**

A showing that a termination of parental rights respondent had the ability to pay is not required; the statutory requirement is a showing that respondent did not provide substantial support or consistent care to the child or mother. Moreover, this issue was raised in the dissent rather than by respondent and it is not the role of the appellate courts to create an appeal.

Judge TYSON concurring in part and dissenting in part.

Appeal by respondent father from order entered 8 October 2003 by Judge John W. Smith in New Hanover County District Court. Heard in the Court of Appeals 21 October 2004.

*Lea, Rhine & Rosbrugh, by James W. Lea, III and Lori W. Rosbrugh, for petitioner appellee.*

*Susan J. Hall, for respondent father-appellant.*

*Jana Lucas, for Guardian ad Litem.*

IN RE J.D.S.

[170 N.C. App. 244 (2005)]

LEVINSON, Judge.

Respondent father appeals from an order terminating his parental rights over J.D.S. We affirm.

Respondent and petitioner are the biological parents of J.D.S., born 23 July 1998. Petitioner and respondent were living together as an unmarried couple when J.D.S. was born, but later ended their relationship.

On 14 September 1999 an order was entered in Clark County, Nevada, in respondent's absence, granting petitioner sole legal and physical custody of the child. The order granted respondent supervised visitation, ordered him to pay attorney's fees, and required him to pay 18% of his income as child support.

Six weeks later, petitioner requested permission from the Nevada court to relocate to California. On or about 19 January 2000 an order was entered in Nevada allowing petitioner to relocate to California. In this order, the Nevada court reiterated that respondent should have supervised visitation "at the discretion of petitioner", pay attorneys' fees, and pay 18% of his income as child support.

On 23 March 2001, petitioner married a man who was serving as a U.S. Marine. When petitioner's husband was transferred to North Carolina, she requested permission from the Nevada Court to relocate here. She also requested that respondent's child support be changed to a specific dollar amount. On 25 April 2001, the Nevada court entered an order allowing petitioner to relocate to North Carolina with the child, and allowing respondent supervised visitation. The court also ordered respondent to pay $400.00 per month in child support, which included an amount representing an arrears schedule for unpaid child support.

Respondent neither appeared at any of the court proceedings in Nevada, nor appealed any of the Nevada state court's judgments or orders.

Petitioner and the child have resided in North Carolina since March 2001. Respondent, who lives in California, has never visited the child in North Carolina. In February, 2002, petitioner instituted an action in Onslow County, North Carolina, seeking termination of respondent's parental rights in J.D.S. Respondent filed a *pro se* objection to the petition and averred he was never notified regarding any of the court proceedings in Nevada. The trial court entered an order

on 31 January 2003, *nunc pro tunc* for 28 June 2002, denying petitioner's motion and concluding:

> While it is undisputed that the Respondent has not paid any child support to the Petitioner since March 1999, because the Petitioner cannot prove that the Respondent was ever served with the Clark County, Nevada action, the Court can only conclude that the Respondent, through his own testimony, has had knowledge since January 2002 of a legal obligation to pay child support for the minor child, and thus has failed to pay child support for six months rather than more than twelve as alleged by Petitioner.

In July 2002, both parties received notification of the trial court's decision not to terminate respondent's parental rights.

Respondent did not make any child support payments during the months of July, August, or September 2002. In August, respondent sent petitioner an ATM card that was to allow access to an account with approximately $90.00. Petitioner attempted to use the ATM card, but was unable to remove money from the account. On 22 November 2002, respondent mailed petitioner a check for sixty dollars ($60.00). Petitioner never cashed this check, but respondent testified at trial that he believed the check had been deposited into petitioner's account. Respondent did not send any further direct child support to petitioner, although he testified he maintains a savings account for the child. Since June 2002, respondent has called and spoken with the child numerous times and also mailed him gifts.

On 10 February 2003, petitioner filed a second petition seeking to terminate respondent's parental rights. Following a hearing on 21 July 2003, the trial court granted the petition on the grounds that respondent "willfully failed without justification to pay for the care, support and education" of the child "as required by . . . [a] decree" pursuant to N.C.G.S. § 7B-1111(a)(4), and had not "[p]rovided substantial financial support or consistent care" pursuant to N.C.G.S. § 7B-1111(a)(5)d. From this order, respondent appeals.

---

The issues presented on appeal are: (1) whether the trial court had subject matter jurisdiction over the termination proceeding; (2) whether the trial court properly concluded that respondent had "willfully failed without justification to pay for the care, support, and education" of the child pursuant to N.C.G.S. § 7B-1111(a)(4) (2003), and had not "[p]rovided substantial financial support or consistent care

with respect to" the child pursuant to N.C.G.S. § 7B-1111(a)(5)d (2003); and (3) whether the trial court abused its discretion by concluding that termination of parental rights was in the child's best interests.

**[1]** Respondent first argues that the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding. We disagree.

Although this issue was not presented to the trial court, subject matter jurisdiction may be raised at any time by the parties or by the court *ex mero motu. See* N.C.R. App. P. 10(a) ("[U]pon any appeal duly taken from a final judgment any party . . . may present for review . . . whether the court had jurisdiction of the subject matter[.]"); *see also In re: N.R.M.*, 165 N.C. App. 294, 297, 598 S.E.2d 147, 149 (2004) ("[R]egardless of whether subject matter jurisdiction is raised by the parties, this Court may review the record to determine if subject matter jurisdiction exists[.]") (citation and internal quotation marks omitted).

**[2]** Jurisdiction over termination of parental rights proceedings is governed by N.C.G.S. § 7B-1101 (2003), which provides:

> The court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in, or is in the legal or actual custody of a county department of social services or licensed child-placing agency in the district at the time of filing of the petition or motion. . . . Provided, that before exercising jurisdiction under this Article, the court shall find that it would have jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204.

Respondent does not contest that these requirements were met. He contends, however, the trial court lacked subject matter jurisdiction because petitioner failed to comply with a **different** statute, N.C.G.S. § 7B-1104(7) (2003), which requires that a petition to terminate parental rights state that it "has not been filed to circumvent the provisions of Article 2 of Chapter 50A of the General Statutes, the Uniform Child-Custody Jurisdiction and Enforcement Act."

Respondent is correct that the petition in the instant case does not include a statement that complies with the requirement of G.S. § 7B-1104(7). However, as regards a petitioner's violation of G.S. § 7B-1104(7), this Court has held:

[W]e find no authority that compelled dismissal of the action solely because petitioner failed to include this statement of fact in the petition. While it is a better practice to include the factual statement as stated in the statute, under the facts in this case we find that respondent has failed to demonstrate that she was prejudiced as a result of the omission.

*In re Humphrey*, 156 N.C. App. 533, 539, 577 S.E.2d 421, 426 (2003). As in *Humphrey*, respondent has failed to demonstrate any prejudice arising from petitioner's omission.

[3] Respondent also challenges the trial court's subject matter jurisdiction on the grounds that petitioner failed to file an affidavit stating the child's address and location, as required under N.C.G.S. § 50A-209 (2003). While petitioner did not file such an affidavit, we disagree the trial court was deprived of jurisdiction as a result: "Although it remains the better practice to require compliance with section 50A-209, failure to file this affidavit does not, by itself, divest the trial court of jurisdiction." *In re Clark*, 159 N.C. App. 75, 79, 582 S.E.2d 657, 660 (2003); (citing *Pheasant v. McKibben*, 100 N.C. App. 379, 382, 396 S.E.2d 333, 335 (1990) (failure to comply with former section 50A-9 did not defeat otherwise proper subject matter jurisdiction)). Moreover, the trial court's findings and conclusions regarding jurisdiction are supported by the record. This assignment of error is overruled.

---

In his second and third assignments of error, respondent contends the trial court erred by concluding (1) that he "willfully failed without justification to pay for the care, support, and education" of the child pursuant to N.C.G.S. § 7B-1111(a)(4) (2003), and (2) that he has not "[p]rovided substantial financial support or consistent care with respect to the juvenile" pursuant to N.C.G.S. § 7B-1111(a)(5)d (2003). We disagree.

"An order terminating parental rights will be upheld if there is clear, cogent, and convincing evidence to support the findings of fact and those findings of fact support the trial court's conclusions of law." *In re Clark*, 159 N.C. App. at 83, 582 S.E.2d at 662 (citation omitted).

[4] Preliminarily, we note that to preserve the issue of the sufficiency of evidence to support the findings of fact, the respondent must comply with N.C.R. App. P. 10(c)(1), which provides in pertinent part:

Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned[, and] . . . direct[] the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

"Under this rule, an appellant is required to specifically assign error to each finding of fact that it contends is not supported by competent evidence." *White v. Weyerhaeuser Co.*, 167 N.C. App. 658, 660, 606 S.E.2d 389, 392 (2005). "Findings of fact to which a respondent did not object are conclusive on appeal . . . . A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. § 7B-1111 is sufficient to support a termination." *In re Humphrey*, 156 N.C. App. at 540, 577 S.E.2d at 426 (citations omitted).

Respondent assigns error to the following:

1. Lack of subject matter jurisdiction for failure of the petitioner to allege the statutory grounds as defined in N.C. Gen. Stat. Section 7B-1104 (2003) and that grant the trial court jurisdiction over the proceedings.

> Record pp. 5-8; pp. 59-65, Findings of Facts 1-25 and Conclusion of Law 1.

2. The court's Conclusion of Law #2 concluding Respondent has without justification failed to pay for the care, support, and education of the Juvenile as required by Court decree due to insufficiency of the evidence.

> Record p. 65. Findings of Fact 5-24.

3. The court's Conclusion of [L]aw #3 concluding Respondent has not provided substantial financial support or consistent care with respect to the minor child due to insufficiency of the evidence.

> Record p. 65. Findings of Fact 5-24.

4. The court's Conclusion of Law #4 concluding it is in the minor child's best interest that the Respondent's parental rights be terminated.

> Record p. 65. Findings of Fact 5-24.

[5]. The court's termination of Respondent's parental rights.

> Record p. 65. Findings of Fact 5-25.

**IN RE J.D.S.**

[170 N.C. App. 244 (2005)]

[6]. The court's abuse of discretion by accepting into evidence any exhibit dated prior to 29 June 2002 in that they are *res judicata* and cannot now be accepted by this trial court. The Clark County, Nevada, Court failed to terminate Respondent's parental rights by order entered 31 January 2003.

> Record pp. 59-65, Findings of Facts 1-25 and Conclusions of Law 1-4.

Contrary to the dissent's conclusion that respondent has preserved the issue of whether the evidence supports the trial court's findings, respondent has not done so. Respondent did not assign error to any of the trial court's findings of fact. The record shows unequivocally that none of respondent's assignments of error challenge the sufficiency of the evidence to support any of the findings of fact. Following each of respondent's assignments of error, respondent lists the corresponding record or transcript references required by N.C. R. App. P. 10(c)(1). Each of these includes a reference to the trial court's findings of fact. However, the legal basis of an assignment of error should not be confused with its accompanying record or transcript references. These are two distinct requirements and are separately evaluated by our appellate courts. *See, e.g., State v. Walters,* 357 N.C. 68, 95, 588 S.E.2d 344, 360 (2003) (where defendant assigned error to her trial counsel's assistance as ineffective but "failed to provide transcript references under the assignment of error [as required by] N.C.R. App. P. 10(c)(1)" this Court held that "the ineffective assistance of counsel argument is not properly before this Court"); *Marketplace Antique Mall, Inc. v. Lewis,* 163 N.C. App. 596, 599, 594 S.E.2d 121, 124 (assignment of error deemed abandoned due to "plaintiffs' omission of the relevant record and transcript references"), *disc. review denied,* 358 N.C. 544, 599 S.E.2d 399 (2004).

Moreover, assigning error to a conclusion of law on the generalized basis of "insufficiency of the evidence" does not preserve the issue of the sufficiency of evidence supporting the findings of fact on which the conclusion was based:

> Plaintiff brings forward one assignment of error: 'The Court's Conclusion of Law Number 3, on the ground that the facts as found by the court and the applicable law do not support the Conclusion.' Much of plaintiff's argument, however, is dedicated to another question—whether or not the evidence supports the findings. This **question is not properly before us**. Plaintiff did not assign error to any of the trial judge's findings. When no

**IN RE J.D.S.**

[170 N.C. App. 244 (2005)]

assignment of error is made to particular findings, they are 'presumed to be supported by competent evidence and are binding on appeal.' Even if the assignment of error could be read as challenging the sufficiency of the evidence, it would be ineffective to support plaintiff's argument. An **assignment of error generally challenging the sufficiency of evidence to support numerous findings of fact is broadside and ineffective.**

*First Union National Bank v. Bob Dunn Ford, Inc.*, 118 N.C. App. 444, 446, 455 S.E.2d 453, 454 (1995) (quoting *Anderson Chevrolet/Olds, Inc. v. Higgins*, 57 N.C. App. 650, 653, 292 S.E.2d 159, 161 (1982)) (emphasis added).

Our review is limited to the assignments of error and grounds set forth in appellant's brief. N.C.R. App. P. 10(a) and 28(a). Respondent herein failed to preserve for appellate review the sufficiency of the evidence to support the trial court's findings of fact. Accordingly, the trial court's findings of fact are conclusively established on appeal.

[5] Respondent likewise does not assign as error the trial court's failure to transcribe into the written order the "clear, cogent, and convincing" evidence standard. Nonetheless, the dissent would reverse the order on this basis.

It is not the role of the appellate courts . . . to create an appeal for an appellant. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule.

*Viar v. North Carolina Department of Transportation*, No. 109A04, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913)). While we cannot disagree with the principles set forth in *In re Church*, 136 N.C. App. 654, 655, 525 S.E.2d 478, 479 (2000), the case upon which the dissent relies, it is noteworthy that, unlike the circumstances presented herein, respondent-appellant in *Church* **specifically assigned as error** "the trial court's failure to recite the standard of proof relied upon in terminating parental rights." *In re Church*, 136 N.C. App. at 655, 525 S.E.2d at 479.

Even assuming *arguendo* that Rule 2 gives us the authority to address the absence of the "clear and convincing" standard in the present order notwithstanding respondent's failure to seek reversal

on this basis, we discern no reason to do so because (1) the evidence manifestly supports the trial court's findings of fact in that respondent's failure to support the minor child cannot be seriously questioned, and (2) the trial court stated on the record that its findings of fact were based on "clear and convincing" evidence. Indeed, in rendering its decision in open court, the trial court stated:

> After [the first order denying petitioner's motion to terminate parental rights], not one single penny has come out of [respondent's] account . . . for the support of [the] child.
>
> . . . .
>
> I asked [respondent] to clarify the business about doing this card and this account to try to figure out what his motives could have been, but all of his actions are totally inconsistent with a man wanting to get money to the mother of a child for support.
>
> . . . .
>
> And I conclude, by clear, cogent and convincing evidence that after the second notice that he's got to support this child, his total failure to do so constitutes the grounds . . . . [B]ased on what I've heard, I'm clearly entirely convinced that his rights should be terminated and the child should be given a permanent home.

As discussed above, the trial court's findings of fact are deemed conclusively established on appeal. These findings include, in relevant part, that:

13. On or about April 25, 2001, the District Court for Clark County, Nevada, entered an Order which allowed the Petitioner and the minor child to relocate to the State of North Carolina. Again, the Court provided that the Respondent would have supervised visitation only at the discretion of the Petitioner, awarded another $750.00 in attorney's fee [sic] and set child support retroactively at $400.00 a month from September of 1999 forward. The Court further found that the Respondent's arrearage at that time was $9,100.00.

14. The Defendant did not appear at any of [the] court proceedings aforementioned nor did he appeal any of the Judgments of the Court.

**IN RE J.D.S.**

[170 N.C. App. 244 (2005)]

15. The Petitioner and the minor child have resided in the State of North Carolina since March of 2001. Since that time, the Respondent has not seen or visited with the minor child and has had no physical contact with the minor child.

16. In or about February 2002, the Petitioner herein instituted an action to terminate the Respondent's parental rights. At that time, the Respondent filed an objection to Petition to Terminate Parental Rights and indicated that he was not notified to appear at any of the court proceedings occurring in the State of Nevada. On or about January 31, 2003, *nunc pro tunc* for the 28th day of June, 2002, the Court entered an Order denying the Petitioner's request to terminate the Respondent's parental rights. The Court apparently based its determination on the Respondent's contention that he was never served with the Clark County, Nevada action and did not have knowledge that he had a legal obligation to support the minor child until January of 2002. The Court made the following Conclusion of Law:

    While it is undisputed that the Respondent has not paid any child support to the Petitioner since March 1999, because the Petitioner cannot prove that the Respondent was ever served with the Clark County, Nevada action, the Court can only conclude that the Respondent, through his own testimony, has had knowledge since January 2002 of a legal obligation to pay child support for the minor child, and thus has failed to pay child support for six months rather than more than twelve as alleged by Petitioner.

17. In early July of 2002, both parties were notified of the Court's decision not to terminate the Respondent's parental rights.

18. Thereafter, Respondent failed to pay any child support for the months of July, August and September in any amount whatsoever. In late August, the Respondent sent the Petitioner an ATM card. Records at the trial indicate that at the time the card was sent he had approximately $90.00 in the account. The Respondent attempted to use this card and was unable to remove money from the account indicated to be used by the Petitioner.

19. Thereafter, on November 22, 2002, Respondent sent the only child support check he has ever sent to the Petitioner in this

action in the amount of $60.00. Although this amount was not cashed by the [Petitioner] based on the advise [sic] of her counsel that it was not in compliance with the Court's Order, the Respondent testified in open court that h[e] believed the money had been cashed and deposited into the Petitioner's account. Thereafter, the Respondent did not send any further direct child support to the Petitioner and has not paid any child support through the date of this hearing. Respondent has maintained that he has maintained a savings account for the minor child but the records produced by him at this proceeding indicate that he had only $294.69 in the account as of February 28, 2003. No withdrawals have been made from that account. The Respondent has made numerous phone calls to the minor child and has spoken with the minor child since the previous hearing on Termination of Parental Rights in June of 2002 and has sent some presents to the minor child.

20. As of the date of this hearing, Respondent has paid no support for the minor child since September of 1999 except as set forth above.

21. . . . [T]he Court's Order denying the Petition to Terminate Rights gave the Respondent a second opportunity to comply with the Court's Orders and establish a relationship with the minor child.

[22]. Since notification of the Court's previous Order denying the Petition to Terminate Parental Rights, the Respondent has failed in all respects to comply with the Court's Order, has made no attempt to amend that Order or reduce his child support obligation, and appears before this Court with no plan to address the substantial arrearages that now exist or his future child support obligations.

[23]. The Respondent has clearly failed to comply with the Clark County, Nevada child support Order in any respect since 1999, and has now clearly failed to comply with the Order since January 2002, when the previous Court held that he had notice of his obligation [to] pay child support and has not complied with the Nevada Orders for more than one year prior to the filing of the Petition.

[24]. In addition, the Respondent has failed to maintain consistent contact with the minor child and has indicated by his

own testimony that he has never had any overnight visitation with the minor child outside of the presence of his parents and has only visited with the minor child occasionally. The Respondent has had no physical contact with [the] minor child since the Spring of 2001.

[25]. The minor child is now almost five years of age and will be entering Kindergarten in New Hanover County. The Petitioner and her current husband are both stably employed. In addition, the Petitioner is attending school at the University of North Carolina at Wilmington. The parties have bought a home and are providing a safe and secure environment for the minor child. The Petitioner's husband has testified that he has established a close and loving relationship with the minor child and regards the minor child as his own son and best friend.

These findings of fact support the trial court's conclusion, pursuant to G.S. § 7B-1111(a)(4), that respondent had, "for a period of one year or more next preceding the filing of the [TPR] petition . . . willfully failed without justification to pay for the care, support, and education" of the child "as required by . . . [a] decree. . . ." Because we have sustained termination of parental rights under G.S. § 7B-1111(a)(4), we need not address respondent's further argument that the findings of fact do not support the termination ground pursuant to G.S. § 7B-1111(a)(5)d. *See In re Stewart Children*, 82 N.C. App. 651, 655, 347 S.E.2d 495, 498 (1986) (where one statutory ground is established, this Court need not address assignments of error challenging other grounds).

The dissent would also reverse the order on appeal because of the trial court's (1) failure to make a finding that Respondent had the "ability to provide support" with respect to G.S. § 7B-1111(a)(3); (2) failure to find that respondent's failure to pay was "without justification" when utilizing the ground set forth in G.S. § 7B-1111(a)(4); and (3) failure to find "ability to pay" with respect to the ground set forth in G.S. § 7B-1111(a)(5)d.

[6] As to the first of the dissent's concerns, the trial court did not utilize the ground set forth in G.S. § 7B-1111(a)(3) to terminate. Nonetheless, we observe that G.S. § 7B-1111(a)(3), formerly codified as G.S. § 7A-289.32(4), authorizes the court to terminate parental rights when the child has been placed in DSS custody and the parent, "for a continuous period of six months next preceding the

**IN RE J.D.S.**

[170 N.C. App. 244 (2005)]

filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so." The statute itself expressly includes references to one's ability to pay. It is not surprising, then, that this Court has required findings concerning "ability to pay" when the trial court utilizes this ground to terminate. See *In re Ballard*, 311 N.C. 708, 716-17, 319 S.E.2d 227, 233 (1984). Put simply, *Ballard* is not authority for an assertion that the trial court errs by failing to make a finding of "ability to pay" where the grounds to terminate are those set forth in G.S. §§ 7B-1111(a)(4) or 7B-1111(a)(5)d. And, again, the trial court in the present matter did not utilize subsection G.S. § 7B-1111(a)(3) as a ground to terminate.

[7] As to the dissent's second concern, the trial court did, indeed, conclude that respondent's failure to pay was "without justification" when utilizing the ground set forth in G.S. § 7B-1111(a)(4). Moreover, with respect to termination of parental rights based on a failure to pay support pursuant to a decree, this Court, in *In re Roberson*, 97 N.C. App. 277, 281, 387 S.E.2d 668, 670 (1990), held that a termination under N.C.G.S. § 7A-289.32(5), now codified as G.S. § 7B-1111(a)(4), did not require a finding of ability to pay on the part of respondent. This Court explained:

> Respondent . . . argues that the trial judge erred in finding and concluding that respondent's admitted failure to pay support during the relevant time period was willful because the order does not contain a finding of fact on respondent's ability to make support payments. In a termination action pursuant to this ground, petitioner must prove the existence of a support order that was enforceable during the year before the termination petition was filed. . . . Because a proper decree for child support will be based on the supporting parent's ability to pay as well as the child's needs, . . . there is no requirement that petitioner independently prove or that the termination order find as fact respondent's ability to pay support during the relevant statutory time period.

*Id.*; accord 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 17.42, at 17-59 n.294, (5th ed. 2002) (with respect to G.S. § 7B-1111(a)(4), "[t]he petitioner does not have to prove that the respondent had the ability to pay support if there is proof of a valid court order or support agreement. . . ."). And, just as the *Robserson* court observed of the respondent in that case, respondent herein "could have rebutted petitioner's evidence of his ability to pay by presenting evidence that he was in fact unable to pay support, but he

did not do so." *Roberson,* 97 N.C. App. at 281, 387 S.E.2d at 670. Instead, as the evidence and findings amply demonstrate about the present appeal, respondent chose to provide *de minimis* financial support notwithstanding his ability to do otherwise.

[8] As to the dissent's third concern, that the trial court did not find that respondent had an "ability to pay" pursuant to the ground set forth in G.S. § 7B-1111(a)(5)d, formerly codified as N.C.G.S. § 7A-289.32(6)(d), this Court has held that such a finding is not required. *In re Hunt,* 127 N.C. App. 370, 374, 489 S.E.2d 428, 430 (1997). Rather, as *Hunt* explained, "[t]he statute only requires a showing that he in fact did not provide substantial support or consistent care to the child or the mother." *Id.*

Again, this Court's review is limited to respondent's assignments of error and the associated arguments contained in his brief. The alleged omission of miscellaneous findings of fact and/or the trial court's alleged failure to make a finding that respondent "had the ability to provide support" are not mentioned or argued by respondent. It is, again, "not the role of the appellate courts . . . to create an appeal for an appellant." *Viar,* 359 N.C. at 402, 610 S.E.2d at 361.

This assignment of error is overruled.

Respondent's remaining argument on appeal, that the trial court abused its discretion by concluding that it was in the child's best interests that respondent's parental rights be terminated, is without merit. *See In re McMillon,* 143 N.C. App. 402, 408, 546 S.E.2d 169, 174 (2001) (abuse of discretion is standard of review of decision to terminate parental rights once grounds for termination are established). This assignment of error is overruled.

Affirmed.

Judge BRYANT concurs.

Judge TYSON concurs in part and dissents in part.

TYSON, *Judge concurring in part, dissenting in part.*

I concur in that portion of the majority's opinion finding that North Carolina's courts have jurisdiction over respondent. Respondent properly preserved his assignments of error to the trial

IN RE J.D.S.

[170 N.C. App. 244 (2005)]

court's findings of fact and order and argued these assignments in his brief. The trial court's order does not show the standard of proof it utilized and failed to make findings on respondent's ability to pay. The order should be vacated and this cause remanded. I respectfully dissent.

## I.  Assignments of Error

As stated in the majority's opinion, respondent's assignments of error numbers 2 through 5 challenge:

2.  The court's Conclusion of Law #2 concluding Respondent has without justification failed to pay for the care, support, and education of the Juvenile as required by Court decree due to *insufficiency of the evidence*.

Record p. 65. Findings of Fact 5-24.

3.  The court's Conclusion of [L]aw #3 concluding Respondent has not provided substantial financial support or consistent care with respect to the minor child due to *insufficiency of the evidence*.

Record p. 65. Findings of Fact 5-24.

4.  The court's Conclusion of Law #4 concluding it is in the minor child's best interest that the Respondent's parental rights be terminated.

Record p. 65. Findings of Fact 5-24.

[5].  The court's termination of Respondent's parental rights.

Record p. 65. Findings of Fact 5-24.

(Emphasis supplied). Respondent sufficiently complied with the applicable rules of appellate procedure. N.C.R. App. P. 10(a) (2004); N.C.R. App. P. 28 (2004). His appeal and arguments are properly before this Court. The discussion of "Rule 2" in the majority's opinion is inapplicable to an appeal, as here, where a respondent's assignments of error challenge specifically list findings of fact and the sufficiency of the evidence as required by a petitioner's burden of proof to support those findings.

## II.  Clear, Cogent, and Convincing Evidence

The majority's opinion correctly quotes our standard of review: "An order terminating parental rights will be upheld if there is clear, cogent, and convincing evidence to support the findings of fact and

IN RE J.D.S.

[170 N.C. App. 244 (2005)]

those findings of fact support the trial court's conclusions of law." *In re Clark*, 159 N.C. App. 75, 83, 582 S.E.2d 657, 662 (2003) (citation omitted). "[I]n the adjudication stage, the petitioner must prove by clear, cogent, and convincing evidence the existence of one or more of the grounds for termination." *In re Montgomery*, 311 N.C. 101, 110, 316 S.E.2d 246, 252 (1984). A trial court's order terminating parental rights to a child must be based on clear, cogent, and convincing evidence. *In re Church*, 136 N.C. App. 654, 657, 525 S.E.2d 478, 480 (2000).

This Court has held:

Although the termination statute does not specifically require the trial court to affirmatively state in its order terminating parental rights that the allegations of the petition were proved by clear and convincing evidence, without such an affirmative statement the appellate court is unable to determine if the proper standard of proof was utilized. . . . Accordingly, *we read section 7A-289.30(e) (now section 7B-1109(f)) to require the trial court to affirmatively state in its order the standard of proof utilized in the termination proceeding.*

*Id.* at 657, 525 S.E.2d at 480 (emphasis supplied). In *In re Church*, we remanded to "the trial court to determine whether the evidence satisfie[d] the required standard of proof of clear and convincing evidence." 136 N.C. App. at 658, 525 S.E.2d at 481. That same result is required here.

Our review of respondent's assignments of error is well-established. *In re Huff*, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000). We must determine: (1) "whether the [trial] court's 'findings of fact are based upon clear, cogent[,] and convincing evidence;' " and (2) "whether the 'findings support the conclusions of law' " in the order. *Id.* (*quoting In re Allred*, 122 N.C. App. 561, 565, 471 S.E.2d 84, 86 (1996) (citation omitted)), *disc. rev. denied and appeal dismissed*, 353 N.C. 374, 547 S.E.2d 9 (2001). We review the trial court's conclusions of law *de novo. Scott v. Scott*, 157 N.C. App. 382, 385, 579 S.E.2d 431, 433 (2003) (trial court's conclusions of law are reviewable *de novo*); *see also Browning v. Helff*, 136 N.C. App. 420, 423, 524 S.E.2d 95, 97-98 (2000).

The trial court's order fails to state its findings of fact are based upon "clear, cogent, and convincing evidence" and does not state the standard of proof upon which the trial court's findings are based. *In*

*re Montgomery*, 311 N.C. at 110, 316 S.E.2d at 252. This Court cannot presume this error to be harmless. *In re Church*, 136 N.C. App. at 658, 525 S.E.2d at 480.

The order appealed from fails to indicate the standard of proof the trial court applied. As the order fails to show the standard of proof the trial court applied and to include an affirmative statement regarding application of the proper standard of proof the trial court used, we are "unable to determine if the proper standard of proof was utilized" and review respondent's assignments of error regarding the findings of fact. *In re Church*, 136 N.C. App. at 657, 525 S.E.2d at 480. The majority's opinion acknowledges that it "cannot disagree with the principles set forth in *In re Church*."

### III.  Ability to Pay

The trial court terminated respondent's parental rights by concluding respondent "willfully failed without justification to pay for the care, support, and education" of the child.

In *In re Roberson*, this Court stated:

> to hold a supporting parent in contempt for willful failure to pay support, the following definitions of the word "willful" were cited with approval: "disobedience which imports knowledge and a stubborn resistance," "doing the act . . . without authority—careless whether he has the right or not—in violation of law." *Jones v. Jones*, 52 N.C. App. 104, 110, 278 S.E.2d 260, 264 (1981). (Citations omitted.) In proceedings conducted under former N.C. Gen. Stat. § 48-5, the predecessor of N.C. Gen. Stat. § 7A-289.32(8), which allows termination based upon a finding of "willful abandonment," the word "willful" implied doing an act purposely and deliberately. *In re Adoption of Searle*, 82 N.C. App. 273, 275, 346 S.E.2d 511, 513-14 (1986). "Willful intent . . . is a question of fact to be determined from the evidence." *Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).

97 N.C. App. 277, 280-81, 387 S.E.2d 668, 670 (1990).

No evidence in the record shows and no findings of fact were made regarding respondent's ability to pay under any of the statutory grounds asserted to terminate respondent's parental rights. Without such evidence and findings of fact, the trial court erred by concluding respondent "willfully failed without justification to pay for the care, support, and education" of his child.

A finding that a parent has ability to pay support is essential to termination for nonsupport on this ground. *See In re Clark*, 303 N.C. 592, 281 S.E.2d 47 (1981). No such finding was made in this case. Therefore, that part of the opinion of the Court of Appeals affirming the action of the trial court in terminating the respondent's parental rights on this ground also must be reversed.

*In re Ballard*, 311 N.C. 708, 716-17, 319 S.E.2d 227, 233 (1984) (referring to subdivision (4) of former N.C. Gen. Stat. § 7A-289.32, now N.C. Gen. Stat. § 7B-1111(a)(3)).

Citing *In re Roberson*, the majority's opinion holds, that N.C. Gen. Stat. § 7B-1111(a)(4) does "not require a finding of ability to pay on the part of father-respondent." However, unlike here and as noted above, the trial court in *In re Roberson* found and stated that "petitioner had shown by clear, cogent, and convincing evidence that respondent's failure to pay was willful." 97 N.C. App. at 281, 387 S.E.2d at 670. In *In re Roberson*, we reiterated, "[a]t the adjudication stage, petitioner carries the burden of proving the existence of grounds for termination by clear, cogent and convincing evidence." 97 N.C. App. at 282, 387 S.E.2d at 670 (citing *In re White*, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, *cert. denied*, 318 N.C. 283, 347 S.E.2d 470 (1986)). The trial court's order does not affirmatively state petitioner met its burden of proof or that respondent's failure to pay was "without justification" as required by the statute. N.C. Gen. Stat. § 7B-1111(a)(4). The trial court must find respondent's ability to comply in order to find his failure to comply was "without justification." *Id.*

The majority's opinion also cites *In re Hunt*, to hold that N.C. Gen. Stat. § 7B-1111(a)(5)d does not require the trial court to find an "ability to pay on the part of the respondent." However, this Court in *In re Hunt* stated, "[m]ore importantly, the order entered shows the trial court *did* find that respondent had the means and ability to support his child and did not." 127 N.C. App. 370, 374, 489 S.E.2d 428, 430 (1997).

Under neither ground to terminate respondent's right for failure to support the juvenile did the trial court find by clear, cogent, and convincing evidence that respondent either: (1) "willfully failed . . . to pay a reasonable portion of the cost of care for the juvenile *although physically and financially able to do so*," N.C. Gen. Stat. § 7B-1111(a)(3) (emphasis supplied); or (2) "willfully failed *without justification* to pay for the care, support, and education of the juve-

nile," N.C. Gen. Stat § 7B-1111(a)(4) (emphasis supplied); or (3) for "a juvenile born out of wedlock has not . . . [p]rovided substantial financial support or *consistent care* with respect to the juvenile and mother," N.C. Gen. Stat § 7B-1111(a)(5)d (emphasis supplied); or (4) "had the means and ability to support his child and did not," *In re Hunt*, 127 N.C. App. at 374, 489 S.E.2d at 430.

Without findings of fact regarding respondent's ability to pay or an affirmative statement of the required "standard of proof utilized in the termination proceeding," the trial court's conclusions of law are not supported. *In re Church*, 136 N.C. App. at 657, 525 S.E.2d at 480; *see also In re Huff*, 140 N.C. App. at 291, 536 S.E.2d at 840. The order appealed from should be vacated and remanded. *See In re Church*, 136 N.C. App. at 658, 525 S.E.2d at 481.

## IV. Conclusion

While North Carolina courts have subject matter jurisdiction over petitioner's action, the trial court erred in failing to "affirmatively state in its order" whether it applied the required clear, cogent, and convincing evidence standard of proof to support its findings of fact that respondent willfully failed to pay for the care of the child. *In re Church*, 136 N.C. App. at 657, 525 S.E.2d at 480. The trial court also failed to make any findings of fact of whether: (1) respondent had the "means and ability" to pay support, *In re Hunt*, 127 N.C. App. at 374, 489 S.E.2d at 430; or (2) respondent failed to provide "consistent care," N.C. Gen. Stat. § 7B-1111(a)(5)d; or (3) respondent's failure to pay was "without justification," N.C. Gen. Stat. § 7B-1111(a)(4). *See also In re Roberson*, 97 N.C. App. at 281, 387 S.E.2d at 670; *In re Church*, 136 N.C. App. at 657, 525 S.E.2d at 480.

I vote to vacate the order and remand for entry of findings of fact based on clear, cogent, and convincing evidence on whether respondent has the means and ability to pay support for his child and whether respondent's failure to pay was "without justification." N.C. Gen. Stat. § 7B-1111(a)(4). I respectfully dissent.