IN THE MATTER OF: V.S.W.
No. COA08-126.
Court of Appeals of North Carolina.
Filed June 17, 2008.
This case not for publication
Pope McMillan Kutteh Privette Edwards & Schieck, PA, by Charles A. Schieck, attorney for petitioner-appellee.
Mary McCullers Reece for respondent-appellant.
MARTIN, Chief Judge.
Respondent mother ("respondent") appeals from an order terminating her parental rights to the minor child, V.S.W. On 29 January 2007, the biological father of V.S.W. ("father") filed a petition to terminate respondent's parental rights, alleging willful abandonment and willful failure to provide support. On 30 October 2007, the trial court entered an order terminating the respondent's parental rights.
Respondent's sole assignment of error on appeal is that the trial court lacked subject matter jurisdiction to enter the termination order because father failed to name the juvenile as a respondent and failed to serve the juvenile with the petition toterminate. In his response, father has conceded the district court's lack of subject matter jurisdiction in this case.
"[S]ubject matter jurisdiction may be raised at any time by the parties or by the court ex mero motu." In re J.D.S., 170 N.C. App. 244, 248, 612 S.E.2d 350, 353, cert. denied, 360 N.C. 64, 623 S.E.2d 584 (2005); see also N.C.R. App. P. 10(a) (2008). In termination of parental rights cases, a summons must be issued to the juvenile "who shall be named as [a] respondent[]." N.C. Gen. Stat. § 7B-1106(a)(5) (2007). "[F]ailure to issue a summons to the juvenile deprives the trial court of subject matter jurisdiction." In re K.A.D., __ N.C. App. __, __, 653 S.E.2d 427, 428-29 (2007). The record in this case shows that DSS failed to issue a summons to the juvenile as required by N.C.G.S. § 7B-1106(a)(5). Without the proper issuance of a summons, an order terminating parental rights must be vacated for lack of subject matter jurisdiction. Id. Accordingly, we vacate the order terminating respondent's parental rights.
Vacated.
Judges ELMORE and ARROWOOD concur.
Report per Rule 30(e).