IN THE MATTER OF B.L.H and Z.L.H.
No. COA09-1355.
Court of Appeals of North Carolina.
Filed: April 6, 2010.
This case not for publication
Charlotte W. Nallan for the petitioner-appellee Buncombe County Department of Social Services.
M. Carridy Bender for guardian ad litem Pam Gretz.
Leslie C. Rawls for respondent-appellant mother.
ERVIN, Judge.
Respondent Mother[1] appeals from the trial court's orders terminating her parental rights in B.L.H.[2] and Z.L.H.[3] On appeal, Respondent Mother argues that the trial court erred by denying her motions to dismiss the petitions seeking the termination of her parental rights predicated on res judicata grounds and contends that the trial court erred by finding two of the three grounds upon which it relied in terminating her parental rights. After careful consideration of the trial court's orders in light of the evidentiary record and the applicable law, we conclude that the trial court's orders should be affirmed.
The Buncombe County Department of Social Services first became involved with Respondent Mother's family in August, 2005. At that time, DSS received a child protective services report to the effect that Respondent Mother had left Zane and Brenda with their maternal grandmother, Marilyn H., and great-grandmother, Minnie C., despite the fact that Marilyn H. suffered from psychiatric disorders and poor physical health and was unable to care for Zane and Brenda. Upon further investigation, DSS discovered that Respondent Mother had a tendency to leave the children for months at a time in order to go on drug binges, return for a few weeks, and then repeat the process. According to Marilyn H., Respondent Mother had been abusing drugs for at least nine years.
On or about 28 November 2005, Marilyn H. informed DSS that Respondent Mother had stolen her car. Marilyn H. was concerned that Respondent Mother had resumed her drug use. On or about 8 December 2005, Respondent Mother was incarcerated for possession of a stolen vehicle. At that time, Respondent Mother agreed to a safety plan under which she would have no contact with Zane and Brenda and would not live with Marilyn H. and the juveniles until DSS authorized her to do so.
In January 2006, Respondent Mother agreed to a safety plan under which she was permitted to live with Marilyn H. and the children on the condition that all of her contact with Zane and Brenda was supervised by the maternal grandmother. On 25 January 2006, Respondent Mother took the children to a medical appointment without Marilyn H. On 29 January 2006, Respondent Mother stole Marilyn H.'s car again. On 8 February 2006, Respondent Mother was a passenger in a car that was involved in a hit-and-run accident in which a six-year-old child was killed.
On 9 February 2006, Zane and Brenda were placed in the custody of their maternal aunt. On 2 March 2006, the maternal aunt informed DSS that she could not care for the children, leading DSS to obtain non-secure custody of Zane and Brenda on 10 March 2006. On 29 March 2006, Zane and Brenda were placed with their maternal cousins.
At an adjudication hearing on 2 June 2006, Respondent Mother stipulated that the children were neglected and dependent juveniles given her inability to provide them with proper supervision, the absence of an appropriate alternative child care arrangement, her continued substance abuse issues, her failure to participate in substance abuse treatment, and the fact that she had not provided proper care for Zane and Brenda. Although DSS continued to offer services to Respondent Mother, she suffered a crack cocaine relapse in November, 2006. Respondent Mother was not compliant with substance abuse treatment through January, 2007, leading to her incarceration.
On 30 January 2007 and 5 February 2007, DSS filed petitions seeking the termination of Respondent Mother's parental rights in Zane and Brenda pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and N.C. Gen. Stat. § 7B-1111(a)(3). At the termination hearing, the trial court permitted DSS to amend its petitions so as to seek the termination of Respondent Mother's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) as well. The trial court terminated Respondent Mother's parental rights based solely on the ground enumerated in N.C. Gen. Stat. § 7B-1111(a)(2) on 25 July 2007.[4] On 6 May 2008, a divided panel of this Court reversed the trial court's termination orders because the trial court improperly permitted DSS to amend the termination petitions to add a new ground not specified in the original petition. In re B.L.H., 190 N.C. App. 142, 660 S.E.2d 255 (2008). The Supreme Court affirmed our decision on 12 December 2008. In re B.L.H., 362 N.C. 674, 669 S.E.2d 320 (2008) (per curiam).
On 17 February 2009, DSS filed new petitions seeking the termination of Respondent Mother's parental rights in Zane and Brenda. DSS alleged the same three grounds for termination that had been advanced prior to and at the time of the original termination proceeding: (1) that Zane and Brenda were neglected, N.C. Gen. Stat. § 7B-1111(a)(1); (2) that Respondent Mother willfully left Zane and Brenda in foster care for more than twelve months without making reasonable progress toward correcting the conditions that led to their removal from her care and custody, N.C. Gen. Stat. § 7B-1111(a)(2); and (3) that Respondent Mother failed to pay support for Zane and Brenda during the six months preceding the filing of the petitions. N.C. Gen. Stat. § 7B1-111(a)(3). On 24 June 2009, Respondent Mother filed a motion seeking the dismissal of the petitions on the grounds that DSS' effort to terminate her parental rights in the children was barred by res judicata principles. The trial court denied Respondent Mother's dismissal motions on 1 July 2009.
The evidence presented at the termination hearing indicated that, while Respondent Mother had completed drug court during 2007, she used alcohol during the process. Respondent Mother admitted that she and other drug court participants had been drinking together at bars. As a result of her alcohol consumption, Respondent Mother had been incarcerated in October, 2007. A family therapist testified that she had observed Respondent Mother "jonesing" during a visit with Zane. At that time, Respondent Mother was nervous, tense, and shaking. Respondent Mother's condition prevented her from interacting with Zane during that appointment, so she left after just thirty minutes. The therapist also testified that she did not believe it would be in Zane's best interest for him to have contact with Respondent Mother given her history of abandoning him and the stability provided by his foster family. On the other hand, Respondent Mother testified that she had made progress in addressing her crack cocaine problems and that she had housing and employment.
On 4 August 2009, the trial court entered separate orders terminating Respondent Mother's parental rights in both children. At the adjudication phase, the trial court concluded that DSS had adduced sufficient evidence to support the finding of all three grounds for termination alleged in each petition. At disposition, the trial court concluded that it was in the children's best interests to terminate Respondent Mother's parental rights. Respondent Mother appeals from the trial court's termination orders.
"The standard for review in termination of parental rights cases is whether the court's findings of fact are based upon clear, cogent, and convincing evidence and whether the findings support the conclusions of law." In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001) (internal quotation marks omitted). "Our review is limited to the assignments of error and grounds set forth in appellant's brief." In re J.D.S., 170 N.C. App. 244, 252, 612 S.E.2d 350, 355, cert. denied, 360 N.C. 64, 623 S.E.2d 584 (2005)(citing N.C.R. App. P. 10(a) and 28(a)). A finding of any one of the alleged grounds for termination is sufficient to affirm the trial court's decision to terminate a parent's parental rights. In re S.F., ___ N.C. App. ___, ___, 682 S.E.2d 712, 718 (2009)(citing In re Pierce, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984)).
A careful review of the arguments advanced in Respondent Mother's brief indicates that she has not challenged the trial court's determination that grounds exist to terminate her parental rights to Zane and Brenda pursuant to N.C. Gen. Stat. § 7B1-111(a)(2). In the first section of her brief, Respondent Mother has asserted that the "trial court erred when it denied [Respondent] Mother's motion to dismiss and terminated under N.C. Gen. Stat. § 7B-1111(a)(1) based on evidence previously presented and found insufficient." Respondent Mother does not, however, advance a similar res judicata challenge to the trial court's determination that her parental rights in Zane and Brenda were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) and N.C. Gen. Stat. § 7B-1111(a)(3). In the second section of her brief, Respondent Mother challenges the trial court's determination that her parental rights in Zane and Brenda were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(3) on the grounds that the trial court's findings established that DSS was, in large measure, responsible for Respondent Mother's failure to pay child support and that it was inequitable to terminate Respondent Mother's parental rights for non-payment of child support given the role allegedly played by DSS in Respondent Mother's failure to provide support for the children. In the final section of her brief, Respondent Mother argues that the trial court's findings of fact did not support its determination that her parental rights were subject to termination for neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). As a result, a careful examination of Respondent Mother's brief establishes that she made no appellate challenge to the trial court's conclusion that her parental rights in Zane and Brenda were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2).[5] Thus, we hold that the trial court's unchallenged determination that Respondent Mother's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B-1111(a)(2) is binding for purposes of appellate review and suffices to support the trial court's orders terminating Respondent Mother's parental rights in Zane and Brenda. See Koufman v. Koufman, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). For that reason, the trial court's orders terminating Respondent Mother's parental rights in Zane and Brenda are affirmed.
Affirmed.
Judges MCGEE and ROBERT C. HUNTER concur.
Reported per Rule 30(e).
NOTES
[1] The identities of the biological fathers of the two juveniles are unknown.
[2] The minor child B.L.H. will be referred to throughout the remainder of this opinion as "Brenda" in order to protect her privacy and for ease of reading.
[3] The minor child Z.L.H. will be referred to throughout the remainder of this opinion as "Zane" in order to protect his privacy and for ease of reading.
[4] The trial court terminated the parental rights of the children's fathers as well. No appeal was taken from that portion of the trial court's original termination orders.
[5] As an aside, we note that Respondent Mother has not argued that any of the trial court's findings of fact lack adequate evidentiary support except for its determinations that Respondent Mother "knew she had a duty of child support; that she failed to [pay] a reasonable portion of the cost of care; that her conduct was unreasonable; and that . . . she did not use the Court of Appeals' reversal to correct non-payment of support as grounds to terminate." According to well-established law, unchallenged findings of fact are binding on the appellate courts on appeal. In re M.M., ___ N.C. App. ___, ___, 684 S.E.2d 463, 469 (2009). The trial court's unchallenged factual findings, which detail Respondent Mother's failure to continue in therapy with Zane, her ongoing failure to address her deficient parenting skills, and her apparent inability to recognize the deficiencies in the manner in which she parented the children and the decisions which she made when she had an opportunity to care for the children, provide ample support for the trial court's decision that Respondent Mother's parental rights were subject to termination pursuant to N.C. Gen. Stat. § 7B1-111(a)(2).