**IN RE S.N.H. & L.J.H.**

[177 N.C. App. 82 (2006)]

In re: S.N.H. & L.J.H.

No. COA05-1138

(Filed 4 April 2006)

**1. Termination of Parental Rights— not adjudicated within 90 days of filing—extension of time for counsel to prepare**

Granting an extension of time to allow appointed counsel to prepare a defense in a termination of parental rights proceeding did not result in a lack of jurisdiction, even though the court did not then adjudicate the petition within ninety days of its filing. N.C.G.S. § 7B-1109(b).

**2. Termination of Parental Rights— order not reduced to writing with 30 days—no prejudice**

Respondent did not articulate prejudice from the failure to reduce a termination of parental rights order to writing within 30 days of completion of the hearing, and such failure does not constitute prejudice per se. The order was not vacated on appeal. N.C.G.S. § 7B-1109(e).

**3. Termination of Parental Rights— guardian ad litem for parent—necessary allegations not present—no circumstances indicating incompetency**

The trial court did not err by not appointing a guardian ad litem for the parent in a termination of parental rights proceeding where the petition referred to drug abuse and mental illness but did not contain allegations of inability to provide care for her children (which would have invoked a then-existing statutory requirement) and there were no allegations of circumstances raising a general question about respondent's competency. N.C.G.S. § 7B-1101; N.C.G.S. § 1A-1, Rule 17.

**4. Termination of Parental Rights— prior dispositional orders—judicial notice**

The trial court did not err in a termination of parental rights proceeding by taking judicial notice of prior disposition orders in a juvenile case, even where those orders were entered under a lower evidentiary standard. The trial court is presumed to have ignored incompetent evidence, and respondent stipulated to the introduction of evidence from the children's underlying juvenile files.

**5. Termination of Parental Rights— order drafted by petitioner's attorney—no error**

There was no error in the trial court assigning the drafting of proposed orders to petitioner's attorney in a termination of parental rights proceeding where the judge clearly stated that he found that the four grounds enumerated in the petition justified termination, directed petitioner's counsel to draft an order terminating parental rights, and enumerated specific findings.

Appeal by respondent from judgments entered 23 February 2005 by Judge Marvin P. Pope, Jr. in Buncombe County District Court. Heard in the Court of Appeals 8 March 2006.

*Lisa M. Morrison, for petitioner-appellee Buncombe County Department of Social Services.*

*Michael N. Tousey, for Guardian Ad Litem.*

*Hall & Hall Attorneys at Law, P.C., by Susan P. Hall, for appellant, respondent-mother.*

STEELMAN, Judge.

Respondent appeals the district court's order terminating her parental rights to her children, S.N.H. and L.J.H. For the reasons discussed herein, we affirm.

Respondent has not assigned error to any of the trial court's findings of fact; therefore, they are binding on this Court on appeal. *In re J.A.A.*, 175 N.C. App. 66, 68, 623 S.E.2d 45, 46 (2005). Those findings establish the following facts. Respondent is the natural mother of S.N.H. and L.J.H. The minor children's legal father relinquished his parental rights on 16 April 2004 and is not a party to this appeal. Beginning in July 2001, the Buncombe County Department of Social Services (DSS) began receiving reports from Child Protective Services concerning allegations of drug use in the homes of respondent and the minor children's grandmother. It was also reported that respondent's younger brother was living in her home and had sexually assaulted another minor child living in the home. DSS substantiated these reports and began providing treatment services for the family.

On 30 May 2003, DSS received another report that L. J. H. had been admitted to the hospital with a head injury and bruising in varying stages of healing. Respondent took L.J.H., then five months old, to

see Dr. Susan Cohen, his pediatrician. Dr. Cohen testified as an expert witness in the field of pediatric medicine. She observed significant swelling on the right side of L.J.H.'s head and around his right ear, as well as fading yellowish bruises on his back. Dr. Cohen further observed fresh bruising on L.J.H.'s left ear, which she testified was indicative of an injury inflicted by pinching or twisting, rather than an accidental injury because the ear is a difficult location for a child to injure. L.J.H. was admitted to the hospital for further evaluation. A head CT scan revealed skull fractures on both the right and left sides of his head. Initially, respondent claimed she did not know how the injuries occurred because L.J.H. was in a swing for six hours while she was passed out from drugs. Later, she blamed the child's father, her brother, and then her mother. The trial judge found none of her explanations credible. The judge further found the injuries were not accidental, but were inflicted either directly by respondent or by someone in the home while she was passed out.

DSS substantiated the report of abuse and removed both children from respondent's home and DSS was granted non-secure custody on 6 June 2003. On 17 June 2003, the trial court adjudicated the children abused and neglected due to respondent's untreated abuse of prescription and illegal drugs. At this time, respondent was unemployed and homeless. The judge ordered respondent to comply with a case plan in order to facilitate reunification. As part of the plan, respondent was to participate in substance abuse treatment, parenting classes, domestic abuse education classes, vocational rehabilitation, and psychological evaluations. She failed to complete any of the programs. In addition, respondent was required to submit to and pass a drug test as a condition of visitation with her children. She failed or refused to take these required drug screenings, and as a result, she only had one visitation during the time the children were in DSS's custody.

On 21 July 2004, DSS filed petitions for termination of respondent's parental rights (TPR) to S.N.H. and L.J.H. The petition alleged the following grounds for termination: (1) respondent neglected the minor children (N.C. Gen. Stat. § 7B-1111(a)(1)); (2) she willfully left her children in foster care for more than twelve months without demonstrating she had made reasonable progress to correct the conditions which led to the removal of the children (N.C. Gen. Stat. § 7B-1111(a)(2)); (3) she willfully failed to pay a reasonable portion of the cost of care for the minor children while they were in the custody of DSS (N.C. Gen. Stat. § 7B-1111(a)(3)); and (4) she

willfully abandoned the minor children for at least six consecutive months immediately preceding the filing of the petition (N.C. Gen. Stat. § 7B-1111(a)(7).

The matter came on for hearing on 1 December 2004. The judge terminated respondent's parental rights to both children, finding as a basis each of the four grounds for termination alleged in the petition. The trial court further determined it was in the best interests of both children that respondent's parental rights be terminated. Respondent appeals.

[1] In her first argument, respondent contends the trial court lacked jurisdiction to rule on the petition to terminate her parental rights by failing to adjudicate the petition within ninety days as required by N.C. Gen. Stat. § 7B-1109. We disagree.

After a petition to terminate parental rights is filed, the trial court must hold the adjudicatory hearing "no later than 90 days from the filing of the petition or motion unless the judge pursuant to subsection (d) of [§ 7B-1109] orders that it be held at a later time." N.C. Gen. Stat. § 7B-1109(a) (2005). The petition to terminate respondent's parental rights was filed on 21 July 2004. The matter was set for hearing on 11 October 2004, which was within the ninety-day time requirement. On that date, respondent appeared and requested appointment of counsel. The trial court granted respondent's request and continued the matter until 29 November 2004 so that her counsel would have time to prepare.

Although the hearing was held outside of the initial ninety-day time requirement, the trial court did not lose its jurisdiction over the matter. N.C. Gen. Stat. § 7B-1109(b) provides that where a parent desires that counsel be appointed, the trial court "*shall* grant the parents such an extension of time as is reasonable to permit their appointed counsel to prepare their defense to the termination petition or motion." (emphasis added). This is precisely what the trial court did in this case. This argument is without merit.

[2] In respondent's second argument, she contends that because the TPR order was not reduced to writing, signed, and filed within thirty days following the completion of the TPR hearing, the TPR order must be vacated. We disagree.

N.C. Gen. Stat. § 7B-1109(e) provides that following the trial court's adjudication of a TPR petition, "the adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days fol-

lowing the completion of the termination of parental rights hearing." In the instant case, the TPR hearing was concluded on 2 December 2004. The trial court did not enter the written order until eighty-three days later, on 23 February 2005. Respondent argues that non-compliance with the thirty-day time requirement in the statute constitutes prejudice *per se,* requiring a new hearing. While the trial court's delay clearly violated the 30-day provision of N.C. Gen. Stat. § 7B-1109(e), this Court has held that a trial court's violation of statutory time limits in a juvenile case is not reversible error *per se. In re C.J.B.,* 171 N.C. App. 132, 133, 614 S.E.2d 368, 369 (2005); *In re L.E.B.,* 169 N.C. App. 375, 378-79, 610 S.E.2d 424, 426 (2005); *In re B.M.,* 168 N.C. App. 350, 354, 607 S.E.2d 698, 701 (2005); *In re J.L.K.,* 165 N.C. App. 311, 315-16, 598 S.E.2d 387, 390-91, *disc. review denied,* 359 N.C. 68, 604 S.E.2d 314 (2004). Rather, we have held that the complaining party must appropriately articulate the prejudice arising from the delay in order to justify reversal. *In re As.L.G.,* 173 N.C. App. 551, 556-57, 619 S.E.2d 561, 565 (2005). *See C.J.B.,* 171 N.C. App. at 134-35, 614 S.E.2d at 369 (finding respondent adequately articulated the prejudice arising from the delay in the entry of the order where records and transcripts were missing and irretrievable and the respondent's appellate counsel was unable to reconstruct the trial court proceedings).

In the instant case, respondent asserts that prejudice is shown by the fact there was a "multiple-month delay," which, in actuality, was a delay of approximately two and a half months. The passage of time alone is not enough to show prejudice, although this Court has recently noted that the "longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent." *C.J.B.,* 171 N.C. App. at 134-35, 614 S.E.2d at 370. *Compare L.E.B.,* 169 N.C. App. at 379, 610 S.E.2d at 426 (holding six month delay was "highly prejudicial"), *and In re T.L.T.,* 170 N.C. App. 430, 432, 612 S.E.2d 436, 438 (2005) (holding respondent prejudiced by a seven month delay), *with J.L.K.,* 165 N.C. App. at 315, 598 S.E.2d at 390-91 (2004) (holding that absent a showing of prejudice, a delay of eighty-nine days alone was not reversible error), *and In re A.D.L.,* 169 N.C. App. 701, 705-06, 612 S.E.2d 639, 642 (finding no prejudice where order was entered forty-five days after hearing), *disc. review denied,* 359 N.C. 852, 619 S.E.2d 402 (2005).

Respondent has failed to articulate any prejudice that she suffered by the delay. In light of this Court's prior decisions on this issue, we are not persuaded that such prejudice occurred that would warrant finding reversible error. This argument is without merit.

**IN RE S.N.H. & L.J.H.**

[177 N.C. App. 82 (2006)]

**[3]** In respondent's third argument, she contends the trial court committed reversible error by failing to appoint a guardian *ad litem* where DSS sought to terminate her parental rights based on allegations of mental health defects and substance abuse. We disagree.

N.C. Gen. Stat. § 7B-1101 provides that a guardian *ad litem* shall be appointed in accordance with the provisions of Rule 17 of the Rules of Civil Procedure

> to represent a parent . . . (1) [w]here it is alleged that a parent's rights should be terminated pursuant to G.S. 7B-1111[a](6), and the incapability to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or another similar cause or condition.

N.C. Gen. Stat. 7B-1101 (2005)[1]. N.C. Gen. Stat. 7B-1111(a)(6) is one basis upon which the trial court may terminate parental rights when the parent is incapable of providing for the proper care and supervision of the juvenile such that the juvenile is a dependent.

In the instant case, the petitions for termination of respondent's parental rights did not contain any allegations of dependency or that respondent was incapable of properly providing care for her children. Rather, the grounds alleged were neglect and abuse, willfully leaving the juveniles in foster care for more than twelve months, willfully failing to pay child support for the previous six months, and willfully abandoning the children for six consecutive months immediately preceding the filing of the TPR petition. Although the petition does contain references to respondent's drug abuse and alleged mental illness, "the trial court is not required to appoint a guardian *ad litem* 'in every case where substance abuse or some other cognitive limitation is alleged.' " *J.A.A.*, 175 N.C. App. at 71, 623 S.E.2d at 48 (citations omitted). Thus, the trial court was not required to appoint a guardian *ad litem* based on the provisions of N.C. Gen. Stat. § 7B-1101.

Nevertheless, we must still consider whether the trial court should have conducted a hearing on whether to appoint a guardian *ad litem* pursuant to Rule 17 of the Rules of Civil Procedure. *J.A.A.*, 175 N.C. App. at 71, 623 S.E.2d at 48. Generally, the trial judge only has a duty to inquire into the competency of a litigant in a civil proceed-

---

1. We note that this statute has since been amended. See 2005 N.C. Sess. Laws ch. 398, § 14. The amendment became effective 1 October 2005 and is applicable to petitions filed on or after that date. We must apply the previous version of this statute since the TPR petition was filed 21 July 2004, before the effective date of the amendment.

**IN RE S.N.H. & L.J.H.**

[177 N.C. App. 82 (2006)]

ing where "circumstances are brought to [his] attention, which raise a substantial question as to whether the litigant is *non compos mentis.*" *Id.* at 72, 623 S.E.2d at 49.

After careful review of the record and the transcript of the proceedings, we are unable to say there were any circumstances of the type that, if brought to the judge's attention, would have raised a substantial question regarding respondent's competency. Thus, the trial court did not err in failing to appoint a guardian *ad litem.* This argument is without merit.

**[4]** In respondent's fourth argument, she contends the trial court erred by taking judicial notice of prior orders and exhibits entered or admitted under what she asserts were lower evidentiary standards. We disagree.

In *In re J.B.*, this Court expressly held that the trial court did not err in taking judicial notice of prior disposition orders in a juvenile case, even where those orders were entered under a lower evidentiary standard, especially where "the trial court in a bench trial 'is presumed to have disregarded any incompetent evidence.'" 172 N.C. App. 1, 16, 616 S.E.2d 264, 273 (2005). In addition, respondent's counsel stipulated to the introduction into evidence from the children's underlying juvenile files. Thus, respondent has waived the right to object on appeal. *Curry v. Baker*, 130 N.C. App. 182, 188, 502 S.E.2d 667, 672 (1998); N.C. R. App. P. 10(b)(1). This argument is without merit.

**[5]** In respondent's fifth and final argument, she contends the trial court erred by delegating its fact finding duty to the attorney for the petitioner by directing that petitioner draft the proposed orders terminating her parental rights. We disagree.

This issue was also raised and rejected in *J.B.*, where this Court stated: "[n]othing in the statute or common practice precludes the trial court from directing the prevailing party to draft an order on its behalf. Instead, 'similar procedures are routine in civil cases[.]'" *Id.* at 25-26, 616 S.E.2d at 279 (quoting *Farris v. Burke County Bd. of Educ.*, 355 N.C. 225, 242, 559 S.E.2d 774, 784 (2002)). In the instant case, the trial judge clearly stated that he "[found] by clear and convincing evidence that the four grounds enumerated in the petition justify termination of parental rights of [respondent] to these two children[.]" The trial judge then directed counsel for petitioner to draft an order terminating respondent's parental rights and

enumerated specific findings of fact to be included in the order. Thus, the trial court did not err in directing petitioner's counsel to draft the termination order.

To the extent that respondent argues the findings of fact were mere recitations of testimony and documents entered into evidence, this issue is not properly before this Court on appeal. "[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . ." N.C. R. App. P. 10(a). Respondent did not assign as error any of the trial court's findings of fact or conclusions of law in the record on appeal. Therefore, those findings and conclusions are binding on this Court and this issue is not properly before us. *J.A.A.*, 175 N.C. App. at 75-76, 623 S.E.2d at 46.

AFFIRMED.

Judges LEVINSON and JACKSON concur.