IN THE MATTER OF: R.W. and C.W., Minor Children.
No. COA06-706
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Michael E. Casterline for Respondent-Appellant Mother.
Hall & Hall Attorneys at Law, P. C., by Douglas L. Hall, for Respondent-Appellant Father.
Tracie M. Jordan for Guardian Ad Litem.
No brief filed for Petitioner-Appellee Wilkes County Department of Social Services.
McGEE, Judge.
T.W. (Respondent-Mother) and D.W. (Respondent-Father) (collectively Respondents) are the biological parents of R.W. and C.W. (the children). Respondents appeal from a permanency planning order entered 26 May 2005, which ceased reunification efforts and continued custody of the children with Wilkes County Department of Social Services (DSS).
The children were originally adjudicated neglected juveniles in an order filed 1 June 1998, in which DSS was granted legal custody with physical custody being with the maternal grandparents. The children were removed from the physical custody of their maternal grandparents in an order entered 17 July 1998, and were placed in the home of their paternal grandparents, who later requested their removal. The children were placed in foster care. The trial court held review hearings and permanency planning hearings on 28 February 2000 and 13 March 2000, and entered a permanency planning order dated 25 April 2000. The trial court entered a review order on 19 September 2001, which Respondent-Mother appealed, and which our Court reversed in In re Weiler, 158 N.C. App. 473, 581 S.E.2d 134 (2003). The trial court entered a review order on 19 July 2004, in which it ordered that Respondents have three months of supervised visitation. The trial court subsequently extended the visitation for three additional months. The trial court conducted a permanency planning hearing on 28 March 2005, and entered a permanency planning order on 26 May 2005, continuing custody of the children with DSS and relieving DSS of any requirement to pursue reunification between Respondents and the children. Respondents appeal.

I.
Respondents argue the "trial court erred, or abused its discretion, by considering a legal conclusion to be a finding of fact" in making finding of fact 18 in the 26 May 2005 permanency planning order. Respondents argue that finding of fact 18 is actually a conclusion of law and, therefore, the trial court did not meet its obligations under N.C. Gen. Stat. § 7B-907(b)(1).
N.C. Gen. Stat. § 7B-907(b)(1) (2005) provides: At the conclusion of [any permanency planning review] hearing, if the juvenile is not returned home, the court shall consider the following criteria and make written findings regarding those that are relevant:
(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home[.]
"A permanency planning order need not 'contain a formal listing of the G.S. § 7B-907(b)(1)-(6) factors, expressly denominated as such . . . as long as the trial court makes findings of fact on the relevant G.S. § 7B-907(b) factors[.]'" In re M.R.D.C., 166 N.C. App. 693, 696, 603 S.E.2d 890, 892 (2004) (quoting In re J.C.S., 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004), overruled on other grounds by In re R.T.W., 359 N.C. 539, 614 S.E.2d 489 (2005)), disc. review denied, 359 N.C. 321, 611 S.E.2d 413 (2005).
In the present case, the trial court made the following finding of fact, which Respondents challenge:
18. Because of the children's continued therapeutic needs, the detrimental changes in behavior of [R.W.] caused by the visits with his parents, both children's desires not to reside with their parents, the desires of both children to remain in their current foster care placements, the opinion of [R.W.'s] therapist and the prior opinion of [C.W.'s] therapist, it is apparent that it is contrary to the welfare of the children and to their best interests to be returned to the home of a parent.
By making this finding of fact, the trial court complied with its obligation to make findings as to why it was not in the best interests of the children to return to their parents' home. The trial court listed several factual reasons why return would not be in the children's best interests. The trial court then employed the statutory language by finding that it would be "contrary to the welfare of the children and to their best interests to be returned to the home of a parent." We hold the trial court fully complied with its obligations under N.C.G.S. § 7B-907(b)(1), and we overrule the assignment of error.
Respondent-Mother also makes a separate, but related argument that the trial court did not comply with N.C.G.S. § 7B-907(b)(1). Respondent-Mother argues the trial court did not make a finding regarding whether it was possible for the children to return home immediately or within six months. However, the trial court did find that both children continued to have therapeutic needs, that neither child wanted to reside with the parents, and that it would be contrary to the welfare of the children to return to the home of the parents. The trial court also found that R.W.'s visitations with his parents caused detrimental changes in his behavior. By virtue of these findings, the trial court complied with its statutory obligation to determine whether it was possible for the children to return home immediately or within six months. The trial court determined that it was not possible.
Respondent-Mother also argues that the trial court should have focused on whether she had made progress in eliminating the conditions that lead to the removal of the children, rather than focusing on the progress of the children. However, Respondent-Mother has not cited any authority for this proposition, other than the statute. Therefore, we overrule Respondent-Mother's assignment of error. See N.C.R. App. P. 28(b)(6).

II.
Respondents next argue the "trial court erred, or abused its discretion, by incorporating case summaries into finding of fact 1 and considering those summaries to be findings of fact in the order[.]" A trial court may properly consider all written reports and materials submitted in juvenile proceedings. In re Ivey, 156 N.C. App. 398, 402, 576 S.E.2d 386, 390 (2003). However, a trial court may not "delegate its fact finding duty" or "broadly incorporate these written reports from outside sources as its findings of fact." In re J.S., 165 N.C. App. 509, 511, 598 S.E.2d 658, 660 (2004). Additionally, a trial court may not use incorporated reports "as a substitute for its own independent review." In re M.R.D.C., 166 N.C. App. at 698, 603 S.E.2d at 893.
In the present case, the trial court made the following finding of fact:
1. The status of the . . . children is accurately described in those certain Court Summaries prepared by the Guardian Ad Litem, under date of March 23, 2005, and Social Worker, Deborah Koen, under date of March 28, 2005. These summaries were admitted into evidence and are incorporated herein as Findings of Fact.
However, the trial court then made almost five pages of additional findings of fact, thereby conducting an independent review of the evidence. Therefore, the trial court in this case did not broadly incorporate the facts in the reports as its only findings of fact, or use the reports as a substitute for its own independent review. We overrule this assignment of error.

III.
Respondent-Mother argues there was insufficient evidence to support the trial court's finding that "the detrimental changes in behavior of [R.W.] [were] caused by the visits with his parents[.]" Our review of a permanency planning order is limited to whether the findings of fact are supported by competent evidence in the record and whether the findings support the conclusions. In re J.C.S., 164 N.C. App. at 106, 595 S.E.2d at 161 (2004).
We conclude that the challenged finding of fact was supported by competent evidence. R.W.'s foster mother, Rebecca Walsh (Ms. Walsh), testified that R.W. stopped acting out sexually soon after he began living at her home. However, when R.W. was told he would be visiting with his parents, Ms. Walsh noticed immediate changes in his behavior. Ms. Walsh testified that R.W. began to act out sexually on several different occasions, especially in the days leading up to the first visit, and that R.W.'s sexual behavior increased after the visits began. Ms. Walsh further testified that when R.W. began living with her, he had a "huge interest in babies" and had touched a baby inappropriately before coming to live with her. Ms. Walsh testified that R.W.'s interest in babies increased after he began the visitations with his parents. Ms. Walsh further testified that R.W.'s problems with managing his anger improved soon after he began living at her home, but that he became "very aggressive" after he began visiting with his parents.
R.W.'s therapist, Heather Cain (Ms. Cain), corroborated Ms. Walsh's testimony, stating that after R.W. learned that he was going to begin visits with his parents, his behavior became more aggressive and angry, and he increased his sexualized behavior. Thus, we conclude that the challenged finding of fact is supported by competent evidence and we overrule this assignment of error.

IV.
Respondent-Father argues the trial court lacked subject matter jurisdiction to enter the permanency planning order because the trial court entered the order more than thirty days after the hearing, in violation of N.C. Gen. Stat. § 7B-907(c). N.C. Gen. Stat. § 7B-907(c) (2005) requires that "[a]ny order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the hearing." However, our Court has held that "time limitations in the Juvenile Code are not jurisdictional . . . and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., 171 N.C. App. 438, 443-44, 615 S.E.2d 704, 707 (2005) (citing In re J.L.K., 165 N.C. App. 311, 316, 598 S.E.2d 387, 391, disc. review denied, 359 N.C. 68, 604 S.E.2d 314 (2004) and In re E.N.S., 164 N.C. App. 146, 153, 595 S.E.2d 167, 172, disc. review denied, 359 N.C. 189, 606 S.E.2d 903 (2004)), aff'd per curiam, 360 N.C. 475, 628 S.E.2d 760 (2006).
In the present case, Respondent-Father argues only that the trial court's delay of less than a month in filing the order was prejudicial per se. Because Respondent-Father does not articulate any prejudice, we overrule this assignment of error. See In re S.N.H., ___ N.C. App. ___, ___, 627 S.E.2d 510, 513 (2006) (holding that "a trial court's violation of statutory time limits in a juvenile case is not reversible error per se.").
Respondents failed to set forth arguments pertaining to their remaining assignments of error and we deem them abandoned. See N.C.R. App. P. 28(b)(6).
Affirmed.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).