IN RE: N.S.P. and J.M.P., Juveniles.
No. COA07-891
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Cumberland County Department of Social Services, by Staff Attorney John F. Campbell, for petitioner.
Womble Carlyle Sandridge & Rice, PLLC, by Stuart A. Brock, for Guardian ad Litem.
Michael E. Casterline, for respondent-mother.
Christy E. Wilhelm, for respondent-father.
ELMORE, Judge.
On 6 April 2006, the Cumberland County Department of Social Services (DSS or petitioner) filed a petition to terminate respondents' parental rights to two children, N.S.P. and J.M.P. After conducting hearings on 30-31 October 2006, 1-2 November 2006, and 16 February 2007, the trial court filed an order on 11 April 2007 terminating the parental rights of respondent-mother and respondent-father. Respondents filed notice of appeal on 23 April 2007 and filed the record on appeal in this Court on 24 July 2007.
Collectively, respondents present nine questions for our review. For the following reasons, we affirm the order. We first address respondents' shared contentions that the court erred by failing (1) to conduct the termination of parental rights hearing within ninety days after the filing of the petition and (2) to file the termination order within thirty days after completion of the hearing.
The governing statute is N.C. Gen. Stat. § 7B-1109. Subsection (a) of this statute provides that the termination hearing shall be held "no later than 90 days from the filing of the petition . . . unless the judge pursuant to subsection (d) of this section orders that it be held at a later time." N.C. Gen. Stat. § 7B-1109(a) (2005). The referenced subsection (d) permits the court to extend the period for an additional ninety days, but "only in extraordinary circumstances when necessary for the proper administration of justice . . . ." N.C. Gen. Stat. § 7B-1109(d) (2005). Subsection (e) of this statute provides that "[t]he adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing." N.C. Gen. Stat. § 7B-1109(e) (2005); see also N.C. Gen. Stat. § 7B-1110(a) (2005) ("Any order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.").
"[T]his Court has held that time limitations in the Juvenile Code are not jurisdictional," and that the failure to comply with a time requirement does "not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., K.T.R., A.M.R., E.A.R., 171 N.C. App. 438, 443, 615 S.E.2d 704, 707 (2005). The burden is upon the appellant to "appropriately articulate the prejudice arising from the delay in order to justify reversal." In re S.N.H. & L.J.H., 177 N.C. App. 82, 86, 627 S.E.2d 510, 513 (2006) (citation omitted). Whether prejudice resulted from the delay is determined on a case by case basis. In re As.L.G. & Au.R.G, 173 N.C. App. 551, 554, 619 S.E.2d 561, 564 (2005).
In the case at bar, the record shows that between the time that the petition was filed on 6 April 2006 and the commencement of the hearing on the petition to terminate parental rights on 30 October 2006, the trial court conducted hearings on 8 June 2006 and 29 June 2006. At the hearing on 29 June 2006 a request for the setting of a special session of court was made due to the complexity of the proceedings. Judge John W. Dickson granted the request. Finding that the "matter need[ed] to be continued for further proceedings," Judge Dickson entered an order scheduling respondents' pre-hearing motions for hearing on 18 July 2006. On 10 July 2006, the chief district court judge entered an order setting the termination of parental rights hearing for 30 October 2006. Absent from the record before us is any timely objection by respondents to the delayed setting of the termination hearing.
Respondent-mother argues that the delay in conducting the hearing prejudiced her because it allowed additional time for the children to bond with the foster parents, who are prospective adoptive parents, and prolonged "her natural anxiety about the outcome of the case." She also argues that the delayed hearing prejudiced the other parties because the children's status remained in limbo during the delay and petitioner continued to expend resources. She submits that the delayed entry of the order prejudiced her by delaying her ability to seek appellate review and prejudiced the other parties by postponing final resolution of the legal issues. Respondent-father contends that the delay further distanced him from his children, and that during the period of the delay his ability to parent the children improved.
We are not persuaded that the delay resulted in prejudice. The hearing commenced within one month after the expiration of the six month period permitted by N.C. Gen. Stat. § 7B-1109 for commencement of the hearing. Similarly, the order was entered within one month after expiration of the time permitted for filing of the order. During the period of the delay, the trial court continued to conduct proceedings in the matter and the children remained in the capable care of foster parents who desire to adopt them, factors that this Court deemed of significance in finding no prejudice in In re D.J.D., D.M.D., S.J.D., J.M.D., 171 N.C. App. 230, 243-44, 615 S.E.2d 26, 35 (2005). Furthermore, at the time the petition was filed, respondents had not demonstrated any real progress toward improving their parenting skills since the time the children were removed from their custody. Thus any "delay inured to [their] benefit," a factor that this Court deemed of significance in concluding no prejudice was shown in In re C.T., ___ N.C. App. ___, ___, 643 S.E.2d 23, 26 (2007). Respondents' assignments of error raising this issue are overruled.
Respondent-father contends that the trial court abused its discretion by failing to grant his motion to dismiss on the ground that petitioner lacked standing to file the petition. Standing to file a petition or motion to terminate parental rights is governed by N.C. Gen. Stat. § 7B-1103. Entities that are granted standing include "[a]ny county department of social services, consolidated county human services agency, or licensed child-placing agency to whom custody of the juvenile has been given by a court of competent jurisdiction." N.C. Gen. Stat. § 7B-1103(a)(3) (2005). Respondent-father argues that petitioner lacked standing because at the time of the filing of the petition, the trial court granted custody of the children to petitioner by a non-secure custody order.
This argument is not supported by the record. On 9 December 2004, the Cumberland County District Court filed a court review order in which it ordered, inter alia, "[t]hat legal and physical custody shall be with the Cumberland County Department of Social Services . . . ." All subsequent review and permanency planning orders continued custody of the children with petitioner. Thus, petitioner had legal custody at the time the petition to terminate parental rights was filed. The trial court properly denied the motion to dismiss.
Respondent-father next contends that the trial court lacked subject matter jurisdiction because the petition failed to comply with the requirements of N.C. Gen. Stat. §§ 7B-402(b) and 7B-403(a). He argues that the petition does not comport with N.C. Gen. Stat. § 7B-402(b) because it does not contain the current address of each child, the places where each child has resided for the past five years, and the people with whom each child has resided. He argues that the petition is not properly verified as required by N.C. Gen. Stat. § 7B-403(a).
We have held that the failure to include an affidavit stating the address of the child for the preceding five years does not divest the court of subject matter jurisdiction if the court is otherwise able to determine from the record that it has jurisdiction. In re J.D.S., 170 N.C. App. 244, 249, 612 S.E.2d 350, 354 (2005). Consistent with our decision in that case, our Supreme Court recently held that the failure of DSS to include on the petition "routine clerical information," such as a juvenile's address, and the failure to include an affidavit stating a juvenile's residential history, does not prevent a trial court from exercising subject matter jurisdiction. In re A.R.G., 361 N.C. 392, 398, 646 S.E.2d 349, 353 (2007).
In the order under review, the trial court made findings of fact that the children were born in Cumberland County and were residing in that county at the time the petition to terminate parental rights was filed. These findings are supported by prior orders showing that the children were born in Cumberland County and were living in Cumberland County at the time the original juvenile petition was filed. These orders show that with the exception of placement out of county pursuant to orders of the Cumberland County District Court, the children have resided exclusively in Cumberland County.
Respondent-father also argues that the petition is not properly verified in accordance with N.C. Gen. Stat. § 7B-403(a), which provides for screening of reports alleging abuse and neglect by the director of the county department of social services. N.C. Gen. Stat. § 7B-403(a) (2005). This statute further provides that if the director decides that a petition should be filed, "the petition shall be drawn by the director, verified before an official authorized to administer oaths, and filed by the clerk, recording the date of filing." Id. Respondent-father submits that the verification of the petition in the case at bar is noncompliant because it is attested to only by the social worker in charge of the case and no mention of the director of the Cumberland County Department of Social Services is made in the petition or verification.
The controlling precedent is In re Dj.L., N.C. App. ___, ___, 646 S.E.2d 134, 137 (2007), in which this Court held that the verification requirement of N.C. Gen. Stat. § 7B-403(a) is satisfied if an authorized employee of the department of social services verifies the petition. Here, the petition identified the petitioner as the Cumberland County Department of Social Services "by and through its case worker Judy H. Ray . . . ." The verification is signed by "Judy H. Ray, Social Worker[,] Cumberland County Department of Social Services" and states that she is the petitioner. We conclude that the petition "contained sufficient information from which the trial court could determine that [Judy H. Ray] had standing to initiate an action under section 7B-403(a)." Id. at ___, 646 S.E.2d at 137.
We next address respondent-father's contention that the trial court improperly relied upon incompetent hearsay and testimony presented without proper or sufficient foundation. "In a bench trial, the court is presumed to disregard incompetent evidence. Where there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." In re McMillon, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175 (2001) (citations omitted). For reversal on appeal, "an appellant must show that the court [prejudicially] relied on the incompetent evidence in making its findings." In re Huff, 140 N.C. App. 288, 301, 536 S.E.2d 838, 846 (2000) (quotations and citation omitted). This showing has not been made.
We next consider respondent-father's contention that the findings of fact are not supported by clear, cogent, and convincing evidence. He challenges the following findings of fact:
15. That even though the Respondent Father has been under Court order for an extensive period of time to not use, possess or consume any controlled substance, he has continuously tested positive for controlled substances during the pendency of this action. He has also been found to be in possession of controlled substances, specifically marijuana and has also admitted in court that he has continued to use the controlled substance marijuana.
* * *
25. That the failure to follow the orders of this Court and to fully cooperate with counsel, with medical appointments and keep counseling appointment[s] as well as the other factors listed above indicate that neither Respondent Parent has shown a growth in responsibility or maturity since the inception of this matter. This indicates a strong likelihood that the neglect would continue if the minor children were placed back in the custody of the Respondent Parents.
* * *
27. That the Respondent Parents have neglected the juveniles pursuant to N.C.G.S. § 7B-1111(a)(1).
28. That neglect continues as of this date due to the Respondent Parents' lack of maturity and their inability or unwillingness to care for the minor children.
29. That to the extent possible the minor children are flourishing in their current care. The minor children are in need of permanency for their future living arrangements.
30. That based on the above findings of fact grounds exist for the termination of the parental rights of Respondent Mother and Respondent Father.
31. That as to the best interests of the juveniles the Court finds that pursuant to N.C.G.S. § 7B-1110 it would be in the best interests of the juveniles for the parental rights of the Respondent Parents to be terminated.
a. There is a very strong likelihood that the minor children will be adopted as there are persons in place willing and able to care for these medically fragile children.
b. These minor children need permanency and adoption by persons willing and able to properly care for them would accomplish the permanent plan for these juveniles [sic].
c. The Court is aware of the expressed love and claimed bond between the Respondent Parents and the minor children.
d. The minor children have also bonded with their placement providers and family members and this is a good place for them to remain.
"On appeal, the trial court's decision to terminate parental rights is reviewed on an abuse of discretion standard, and we must affirm where the court's findings of fact are based upon clear, cogent and convincing evidence and the findings support the conclusions of law." In re J.L.K., 165 N.C. App. 311, 317, 598 S.E.2d 387, 391 (2004) (quotations and citations omitted). We find ample clear, cogent, and convincing evidence in the record to support the findings of fact. This assignment of error is overruled.
Respondent-mother contends that the trial court erred by denominating findings of fact numbered 25, 27, 28, 29, 30, and 31 as findings of fact when they are better characterized as conclusions of law. Generally, " any determination requiring the exercise of judgment . . . or the application of legal principles . . . is more properly classified a conclusion of law." In re Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997) (citations omitted). A finding of fact that is essentially a conclusion of law will be treated as a fully reviewable conclusion of law on appeal. In re M.R.D.C., 166 N.C. App. 693, 697, 603 S.E.2d 890, 893 (2004. Mislabeling of a finding of fact as a conclusion of law is inconsequential if the remaining findings of fact support the conclusion of law. In re R.A.H. N.C. App. ___, ___, 641 S.E.2d 404, 409 (2007).
To the extent that finding of fact number 27 constituted a conclusion of law that respondents neglected the children, respondent-father argues that the trial court made no supporting finding of fact that he improperly supervised the children, left them in an injurious environment, or failed to provide them with medical care as the term "neglected" is defined in N.C. Gen. Stat. § 7B-101(15). Respondent-mother additionally contends that the evidence and the trial court's findings do not support the finding that there is a probability of neglect.
According to the statutory definition, a neglected juvenile is:
A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law. In determining whether a juvenile is a neglected juvenile, it is relevant whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home.
N.C. Gen. Stat. § 7B-101(15) (2005). The findings of fact show that on 9 July 2003, respondent-mother left her three minor children alone in a vehicle on a hot day. One of the children died of heat stroke as a result. The other two children, both of whom are the subjects of the petition to terminate parental rights, suffered brain injuries and multiple organ injuries. Both of these children are "medically fragile" and "require very extensive and constant care." The death of one child and the injuries sustained by the other two "were due entirely to the immature, careless and irresponsible actions of Respondent Mother."
The court also found that on 4 August 2003, the trial court placed the children with respondent-father, a placement that failed and resulted in legal and physical custody of the children being returned to DSS. For the duration of the pending juvenile proceedings, both parents have, "on a continuing basis, missed medical appointments for the minor children and counseling appointments for themselves, even though the Court ordered them not to miss any appointments, were late for daycare and would not follow the directions of the daycare." Respondent-mother was convicted of criminal offenses arising out of the death of one child and injuries to the two children in question. She was placed on supervised probation. She missed several appointments with her probation officer and failed to comply with the terms and conditions of probation. Respondent-mother failed to obtain a parenting assessment as ordered by the trial court on 4 August 2003.
The trial court's findings of fact further show that neither parent "is able to grasp how medically fragile these minor children are and how much effort and commitment it takes to care for the minor children." Neither parent has obtained or maintained stable employment, a stable marital relationship, or stable housing during the pendency of this proceeding. Neither parent has acknowledged their role in the death of their child and the injuries to their other two children. Specifically, respondent-mother has down played her responsibility for the harm to her children.
We hold that these findings of fact support the trial court's conclusion stated in finding of fact number 25 that the parents' failure to follow court orders, to cooperate fully with counsel, and to keep medical and counseling appointments demonstrate that they have not grown more responsible and mature since the filing of the juvenile petition. We also hold that the findings support the trial court's conclusion that the children are neglected juveniles and that it is probable that the neglect will be repeated.
We next address respondent-father's assignment of error directed to the trial court's sole denominated conclusion of law, in which the trial court concluded that grounds exist to terminate respondent-father's parental rights and that termination of parental rights is in the best interests of the minor children. Having determined that the trial court properly concluded that respondents neglected the children and that it is probable that respondents will repeat the neglect, we need not consider his challenge to the conclusion of law stating that grounds exist to terminate their rights. Respondent-father makes no argument in his brief under this assignment of error that termination of parental rights is not in the best interests of the children. Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure provides in part, "[a]ssignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6) (2007). This portion of the assignment of error is therefore deemed abandoned and is dismissed. See In re P.L.P., 173 N.C. App. 1, 9, 618 S.E.2d 241, 246 (2005), aff'd per curiam, 360 N.C. 360, 625 S.E.2d 779 (2006).
The order terminating respondents' parental rights is
Affirmed.
Judges WYNN and STROUD concur.
Report per Rule 30(e).